**In re the OFFICE OF the ATTORNEY GENERAL OF TEXAS, Relator.**

**No. 01–08–00114–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 22, 2008.

Michael D. Becker, Rande K. Herrell, Assistant Attorney General, Child Support/Appellate Litigation Section, Austin, TX, Leigh C. Ileson, Assistant Attorney General, Houston, TX, for Appellant.

Alice P. Thompson, Houston, TX, for Appellee.

Panel consists of Justices TAFT, JENNINGS, and BLAND.

### OPINION

TIM TAFT, Justice.

Relator, the Office of the Attorney General of Texas ("the Attorney General"), has filed a petition for writ of mandamus chal-

lenging two orders of the trial judge:[1] (1) the November 19, 2007 order affirming an associate judge's October 17, 2007 ruling, which had vacated a June 18, 2007 order confirming a non-agreed child-support review order ("CSRO"), and (2) the January 30, 2008 order granting the motion for new trial of the real party in interest, Sean Adrian Preston, and setting a new trial. We determine whether the challenged orders are void for having been entered outside the trial court's plenary power. Answering in the affirmative, we grant the petition and conditionally issue the writ.

### Background

On July 17, 2000, the trial court signed an agreed order that, among doing other things, established the parent-child relationship between Preston and the two children who were the subject of a suit affecting the parent-child relationship ("SAPCR") and ordered Preston to pay $344 per month in child support to Rose Sanchez, the children's mother. Some time in early 2007, the Attorney General sought to modify Preston's child-support obligation pursuant to Texas Family Code chapter 233, which provides an expedited administrative procedure for issuing CSROs in certain circumstances. *See* TEX. FAM.CODE ANN. §§ 233.001–.029 (Vernon 2002). The Attorney General notified the parties that a negotiation conference in the administrative proceeding would be held on February 28, 2007. *See id.* §§ 233.009(a)-(c), (e) (Vernon 2002) (allowing agency to serve notice on all parties of proposed CSRO and of negotiation conference to discuss said notice and to schedule and to conduct conference), 233.0095(a)-(c) (Vernon 2002) (same, in cases in which paternity has been acknowledged), 233.010(a) (Vernon 2002) (requiring service

---

1. The Honorable Georgia Dempster, Judge of the 308th District Court of Harris County, Texas. The underlying cause is *In re D.D.P. & D.P.*, No. 2000–13984.

of notice of negotiation conference). The record supports the trial judge's finding that, although the Attorney General served notice of the negotiation conference on Preston, Preston did not receive that notice.

On February 28, 2007, the negotiation conference was held, but Preston did not attend. At that conference, pursuant to Texas Family Code chapter 233, the Attorney General adopted a non-agreed CSRO that increased Preston's child-support obligation to $640 per month. *See id.* §§ 233.010(b) (allowing Attorney General to "proceed with the review and file a child support review order according to the information available" to it when party fails to attend negotiation conference), 233.013 (Vernon 2002) (providing guidelines for determining amount of child support), 233.015(a) (Vernon 2002) (allowing for entry of final decision in form of non-agreed CSRO). On March 17, 2007, as required by chapter 233, the Attorney General filed a petition to confirm the non-agreed CSRO with the trial court that had heard the earlier SAPCR. *See id.* § 233.020 (Vernon 2002) (providing for filing of petition to confirm non-agreed CSRO). Sanchez waived service of process. The record undisputedly supports the trial court's finding that Preston was served with the petition to confirm the non-agreed CSRO on April 11, 2007.

Despite having been served with the petition for confirmation of the non-agreed CSRO, Preston did not answer or file an objection to the petition or request a hearing. *See id.* §§ 233.022(a) (Vernon 2002) (requiring court to consider any responsive pleading that is intended as objection to confirmation of non-agreed CSRO, including general denial, as request for hearing), 233.023 (Vernon 2002) (providing that request for hearing on petition for confirmation of non-agreed CSRO be filed no later than 20 days after order is delivered to

party). Accordingly, on June 18, 2007, an associate judge signed an order confirming the non-agreed CSRO. *See id.* § 233.0271(a) (Vernon 2002) (requiring that court confirm and sign non-agreed CSRO "not later than the 30th day after the date the petition for confirmation was delivered to the last party entitled to service"). No one appealed the June 18 confirmation order to the referring court.

On August 20, 2007, Preston moved the associate judge to vacate his June 18 confirmation order. Preston's motion to vacate was premised on Texas Family Code section 233.0271(a), which requires that the trial court sign an order confirming a non-agreed CSRO "not later than the 30th day after the date the petition for confirmation was delivered to the last party entitled to service." *Id.* § 233.0271(a). In that motion, Preston urged that, because the associate judge had failed to sign the confirmation order within 30 days of its delivery to Preston—that is, before May 11, 2007, 30 days after Preston had been served with the confirmation petition—the associate judge's June 18 confirmation order was void for having been rendered after the court had "lost its special authority to confirm the [non-agreed CSRO]." That is, Preston viewed the 30-day requirement for signing a confirmation order under section 233.0271(a) to be jurisdictional. Preston requested that the associate judge vacate his June 18 confirmation order for its being void.

The associate judge apparently agreed with Preston because, on October 17, 2007, he entered an order vacating his June 18 confirmation order. The Attorney General appealed the October 17 ruling to the referring court, contesting the associate judge's implicit conclusions that the trial court (1) had jurisdiction to entertain and to grant a motion to vacate that had been filed more than 30 days after the June 18

confirmation order had been signed and (2) lacked subject-matter jurisdiction to sign the non-agreed CSRO more than 30 days after Preston had been served. *See* TEX. FAM.CODE ANN. §§ 201.015, 201.1042 (Vernon Supp.2007) (allowing and providing procedures for *de novo* hearing before referring court to appeal associate judge's rulings).

The trial judge of the referring court held a *de novo* hearing on the Attorney General's appeal on November 9, 2007, during which the judge ruled verbally to affirm the associate judge's ruling on the basis that the associate judge had not signed the confirmation order within 30 days of service on Preston. Ten days later, the trial judge signed an order reflecting this ruling:

> After hearing evidence presented and argument of counsel, [t]he Court ... finds that the ruling by the Associate Judge ... should be affirmed and that [the non-agreed CSRO] of June 18, 2007 should be vacated. The Court bases its ruling upon the finding that the plenary power of the ... Court expired before the Court was presented with the [non-agreed CSRO] for confirmation over 65 days following service of the last party entitled to service in this proceeding. The Court finds that Respondent, Sean Preston, was served with the Petition for Confirmation of [the non-agreed CSRO] on April 11, 2007 but that the ... Court did not sign [the non-agreed CSRO] until June 18, 2007. The Court further found that it was incumbent upon the moving party, the Office of the Attorney General, to check service and to ensure that the return of service be

timely filed with the papers in this cause so that the Order of Confirmation can be timely signed by the ... Court as required by [Texas Family Code section] 233.0271.

■ On December 18, 2007, the Attorney General moved to vacate the trial judge's November 19, 2007 order affirming the associate judge's October 17 ruling. On January 17, 2008, the trial judge of the referring court entered findings of fact and conclusions of law concerning its November 19 order of affirmance. Therein, the trial judge found (1) that the Attorney General sent notice of the instigation of the child-support review proceeding and of the negotiation conference to Preston, but he did not receive the notice; (2) that Preston's wages were less than had been determined at the negotiation conference for which he did not receive notice; (3) that Preston was served on April 11, 2007 with the Attorney General's petition for confirmation of the non-agreed CSRO; (4) that the return of citation on Preston was filed on May 3, 2007, but was not entered into the Judicial Information Management System ("J.I.M.S.") of Harris County until May 15, 2007;[2] and (5) that the associate judge signed the order confirming the non-agreed CSRO on June 18, 2007. The trial judge concluded (1) that it was the responsibility of the Attorney General, as the moving party, to ensure that the return of service was timely filed with the papers of the cause so that the confirmation order could be signed within the time period required by Texas Family Code section 233.0271[3] and (2) that the order confirming the non-agreed CSRO was not signed within 30 days of Preston's being served

---

**2.** The return of citation thus would not have appeared on J.I.M.S. until after the 30 days provided by Texas Family Code section 233.0271 had passed. This fact was discussed at the November 9 hearing before the trial judge of the referring court.

**3.** This conclusion of law was mislabeled as a finding of fact, but we may consider it for what it is. *See, e.g., Ray v. Farmers State Bank of Hart,* 576 S.W.2d 607, 608 n. 1 (Tex. 1979).

with the Attorney General's confirmation petition, so that the "jurisdiction and plenary power of the court had expired and therefore the [confirmation] order entered on June 18, 2007 is void and therefore should be vacated as it was presented for confirmation after the plenary power of the . . . Court had expired."

The Attorney General's motion to vacate was heard on January 30, 2008, but the trial judge of the referring court never expressly ruled on it. However, on the same day on which she held the hearing, the trial judge signed an order granting Preston's motion for new trial. The Attorney General then sought mandamus relief in this Court. We stayed further proceedings in the trial court pending the outcome of this mandamus proceeding.

## Mandamus Standards

■■■ Mandamus is an extraordinary remedy, which will generally issue only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no adequate remedy by appeal. *In re Ford Motor Co.,* 165 S.W.3d 315, 317 (Tex.2005); *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). A trial court abuses its discretion when it errs in determining what the law is or in applying the law to the facts. *In re Bruce Terminix Co.,* 988 S.W.2d 702, 703 (Tex.1998).

■■■ Mandamus is available when a judge acts outside of his court's jurisdiction, *i.e.,* when the judicial act is void. *In re Union Pac. Res. Co.,* 969 S.W.2d 427, 428 nn. 1, 2 (Tex.1998); *In re Cornyn,* 27 S.W.3d 327, 332 (Tex.App.-Houston [1st Dist.] 2000, orig. proceeding). Despite the general requirement that no adequate remedy by appeal exist for mandamus relief to be granted, mandamus will issue to vacate a void order even when there is an adequate remedy by appeal. *In re Cornyn,* 27 S.W.3d at 332 ("[M]andamus will lie to prevent a court from exercising juris-

diction it does not have, even if there is an adequate remedy by appeal."). A trial court's action is void when, for example, it had no subject-matter jurisdiction to take that action. *See Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990).

### Voidness of the Complained-of Orders

The Attorney General first argues that the associate judge's June 18, 2007 order confirming the non-agreed CSRO was not void even though it was signed more than 30 days after the confirmation petition was served on Preston. Because the June 18 order was not appealed to the referring court, the Attorney General argues that it became the trial court's final judgment by operation of law. The Attorney General thus also argues that all further orders of the trial court—the associate judge's October 17, 2007 ruling vacating the June 18 confirmation order; the trial judge's November 19, 2007 order affirming the associate judge's October 17 ruling; and the trial judge's January 30, 2008 order granting a new trial—were all void for having been rendered outside the trial court's plenary power.

### A. Whether the June 18, 2007 Confirmation Order Was Void

In issue one, the Attorney General argues that the associate judge's June 18, 2007 order confirming the non-agreed CSRO was not void.

"The office of the attorney general is designated as the state's Title IV–D agency." Tex. Fam.Code Ann. § 231.001 (Vernon 2002). The purpose of chapter 233 of the Texas Family Code is to enable Title IV–D agencies like the Attorney General "to take expedited administrative actions to establish, modify, and enforce child support and medical support obligations, to determine parentage, or to take any other action authorized or required under Part D, Title IV, of the federal Social Security

Act...." Tex. Fam.Code Ann. § 233.001(a) (Vernon 2002).

To fulfill that purpose, chapter 233's provisions promote expeditious resolution of the administrative proceedings. For example, a party receiving notice of the instigation of the chapter 233 administrative proceeding has only 15 days from the date of receipt or delivery of the agency's notice to execute an affidavit of financial resources. *See id.* § 233.006(b)(1) (Vernon 2002). Likewise, when the agency later serves notice of a proposed CSRO on the parties, they have only 15 days to request a negotiation conference or to contest the notice. *See id.* §§ 233.009(b)(3), 233.0095(b)(3) (Vernon 2002). When no one requests a negotiation conference, the agency has the option of nonetheless holding a negotiation conference or, if the parties have agreed to and signed the proposed CSRO, of immediately presenting the order to the court for confirmation. *See id.* §§ 233.009(c), (f), 233.0095(c), (f) (Vernon 2002).

Similarly, if a negotiation conference is held, and the "parties reach an agreement [at the conference], the agency's review officer will prepare an agreed [CSRO] that will be effective immediately on being confirmed by the court." *Id.* § 233.012(2) (Vernon 2002). The court must sign an agreed CSRO not later than the third day after its filing. *See id.* § 233.024(a) (Vernon 2002). If the parties do not reach agreement at the negotiation conference, the agency has only five days after the conference to issue a non-agreed CSRO or a determination that no such order will issue. *See id.* § 233.015(a) (Vernon 2002). If the agency issues a non-agreed CSRO and files in court a petition to confirm it, then a party has only 20 days thereafter to request a hearing. *See id.* § 233.023 (Vernon 2002); *see also id.* § 233.012(5) (Vernon 2002). The court must hold the requested hearing no later than 30 days after the request is filed, and it may reset the hearing not later than 30 days after the date set for the initial hearing. *See id.* § 233.026(a), (c) (Vernon Supp.2007). If after a hearing the court determines that the non-agreed CSRO should be confirmed, it must immediately sign an order confirming the non-agreed CSRO; if the court concludes that the relief sought in the agency's non-agreed CSRO is inappropriate, it must sign an appropriate order "at the conclusion of the hearing or as soon after the conclusion of the hearing as is practical...." *Id.* § 233.027(a)(1), (2) (Vernon Supp.2007). On the signing of a confirmation order after a hearing, the non-agreed CSRO becomes a final order of the court. *See id.* § 233.027(b) (Vernon Supp. 2007).

As a further example of the Legislature's intent in chapter 233 to promote expeditious resolution of these proceedings, a court may not hold a hearing on a petition to confirm a non-agreed CSRO if a party does not timely request a hearing. *See id.* § 233.026(b) (Vernon Supp.2007). Accordingly, if a request for a hearing has not been timely received, the court "shall confirm and sign a [non-agreed CSRO] not later than the 30th day after the date the petition for confirmation was delivered to the last party entitled to service." *Id.* § 233.0271(a) (Vernon 2002).

All of these procedures demonstrate an intent to expedite administrative child-support-review proceedings and orders.

Because Preston did not request a hearing on the Attorney General's petition to confirm the non-agreed CSRO, section 233.0271 applies. *See id.* § 233.0217. That section provides that a court "shall" sign the non-agreed CSRO within 30 days of the confirmation petition's delivery to the last party entitled to service. *Id.* § 233.0217(a). It is undisputed that the associate judge did not sign the confirmation order within the required 30 days. It

was on this basis that the associate judge and the judge of the referring court concluded that the associate judge's June 18 confirmation order was void. The issue for our consideration is whether the 30-day requirement of section 233.0271(a) is jurisdictional or not. If it is, then the associate judge's failure to sign the confirmation order within 30 days deprived the trial court of subject-matter jurisdiction to enter such an order, rendering the June 18 confirmation order void. In contrast, if the 30-day requirement is not jurisdictional, then the associate judge's failure to sign the confirmation order within 30 days did not deprive the trial court of jurisdiction, and the confirmation order could be entered at a later date. This is an issue of first impression with regard to Texas Family Code section 233.0271(a).

■■■ "Our primary goal is to ascertain and effectuate the Legislature's intent." *Cardinal Health Staffing Network, Inc. v. Bowen*, 106 S.W.3d 230, 237 (Tex.App.-Houston [1st Dist.] 2003, no pet.). In carrying out this duty, "we begin with the statute's plain language because we assume that the Legislature tried to say what it meant and, thus, that its words are the surest guide to its intent." *Id.* at 237–38. Section 233.0271(a) provides:

If a request for hearing [to contest the confirmation petition] has not been timely received, the court *shall confirm* and sign a nonagreed child support review order *not later than the 30th day* after the date the petition for confirmation was delivered to the last party entitled to service.

TEX. FAM.CODE ANN. § 233.0271(a) (emphasis added). "Shall" generally indicates something mandatory. *See, e.g.*, TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 2005) (noting that, unless context requires otherwise, "shall" imposes duty); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex.2001) (stating that both "must" and "shall" "are generally recognized as mandatory"). However, "[e]ven if a statutory requirement is mandatory, this does not mean that compliance is necessarily jurisdictional." *Wilkins*, 47 S.W.3d at 494. Put another way, "the issue is not whether 'shall' is mandatory, but what consequences follow a failure to comply." *State v. $435,000.00*, 842 S.W.2d 642, 644 (Tex. 1992). For this reason, courts "have historically looked to two factors to determine if the Legislature intended a provision to be jurisdictional: (1) the presence or absence of specific consequences for noncompliance ... and (2) the consequences that result from each possible interpretation...." *Wilkins*, 47 S.W.3d at 495 (citations omitted).

Section 233.0271(a) does not state whether it is jurisdictional. *See* TEX. FAM. CODE ANN. § 233.0271(a). Nor does it provide any consequence for the failure to sign the confirmation order within 30 days of the confirmation petition's delivery. *See id.* Specifically, there is no corresponding provision in section 233.0271 or in chapter 233 requiring dismissal of the confirmation proceeding for noncompliance with the 30-day requirement.

Interpreting similar statutes containing expedited timelines for court action, courts have readily held that deadlines like that in section 233.0271(a) are mandatory, but not jurisdictional, when the statute is silent on the consequences of failure to comply.[4]

**4.** *See State v. $435,000.00*, 842 S.W.2d 642, 644 (Tex.1992) (interpreting former forfeiture statute, which then required that "a time for hearing on forfeiture shall be set within 30 days" of the claimant's answer to recover property, not to be jurisdictional); *Charlton v. State*, No. 05-05-01043-CR, —— S.W.3d ——, ——, 2008 WL 726190, at *4 (Tex.App.-Dallas Mar.19, 2008, no pet. h.) (interpreting Texas Family Code section 233.024, which requires that court sign agreed CSRO not later than third day after filing with court, not to be

In particular, the Dallas Court of Appeals has very recently held that Texas Family Code section 233.024, which requires that the court sign an agreed CSRO not later than the third day after its filing with court, is not jurisdictional. *See Charlton v. State*, No. 05–05–01043–CR, — S.W.3d —, —, 2008 WL 726190, at *4 (Tex. App.-Dallas Mar.19, 2008, no pet. h.). The underlying reasoning is that, had the Legislature intended for the statutory deadline to be jurisdictional, it could have provided such a consequence, but did not. *See $435,000.00*, 842 S.W.2d at 644; *Ex parte Brown*, 875 S.W.2d 756, 760 (Tex.App.-Fort Worth 1994, orig. proceeding). These courts conclude that, if the required judicial action is not done within the statutorily mandated period, an affected party may seek mandamus relief to compel the trial judge to take that action; however, the trial court does not lose subject-matter jurisdiction to act. *See $435,000.00*, 842 S.W.2d at 644–45; *In re E.D.L.*, 105 S.W.3d 679, 688 (Tex.App.-Fort Worth 2003, pet. denied); *Fountain v. Knebel*, 45 S.W.3d 736, 739 (Tex.App.-Dallas 2001, no pet.); *Harrell v. Harrell*, 986 S.W.2d 629, 631 (Tex.App.-El Paso 1998, no pet.); *Godwin v. Aldine Indep. Sch. Dist.*, 961 S.W.2d 219, 221 (Tex.App.-Houston [1st Dist.] 1997, writ denied); *Ex parte Brown*, 875 S.W.2d at 760.

The same logic applies here. The purpose of chapter 233 is to allow agencies like the Attorney General to take expedited administrative action to modify child-support obligations, among doing other things. *See* Tex. Fam.Code Ann. § 233.001(a). That purpose is not well-served if the trial court must dismiss any confirmation petition that is not heard within the required time, requiring the Attorney General to reinstitute the proceedings. *See Charlton*, — S.W.3d at —, 2008 WL 726190, at *4 ("[N]othing in the statute makes an agreed [CSRO] signed after the three-day period void. Indeed, such a reading of the statute runs directly contrary to its purpose of efficiently providing for the support of children."); *Honts v. Shaw*, 975 S.W.2d 816, 820 (Tex. App.-Austin 1998, no pet.) (interpreting 5–day deadline for court to set trial as non-jurisdictional because interpreting it to be jurisdictional would not serve purposes of election-contest proceedings). A better interpretation is that the 30–day requirement may be compelled by mandamus if not observed by the trial judge. The Attorney General, as the party that filed the confirmation petition, had the right to seek mandamus relief to compel the associate judge to sign the confirmation order within 30 days; however, the Attorney General

---

jurisdictional); *In re E.D.L.*, 105 S.W.3d 679, 688 (Tex.App.-Fort Worth 2003, pet. denied) (interpreting Texas Family Code section 262.201(a), which required that "a full adversary hearing shall be held not later than the 14th day after [the agency's removal of the children]," not to be jurisdictional); *Fountain v. Knebel*, 45 S.W.3d 736, 739 (Tex.App.-Dallas 2001, no pet.) (interpreting Texas Family Code section 201.015(f), which required referring court to hold hearing on appeal from associate judge's ruling within 30 days, not to be jurisdictional); *Harrell v. Harrell*, 986 S.W.2d 629, 631 (Tex.App.-El Paso 1998, no pet.) (same); *Honts v. Shaw*, 975 S.W.2d 816, 820 (Tex.App.-Austin 1998, no pet.) (interpreting Texas Election Code section 232.012(d),

which provided that "[t]he judge shall set the contest for trial for a date not later than the fifth day" after a certain event, not to be jurisdictional); *Godwin v. Aldine Indep. Sch. Dist.*, 961 S.W.2d 219, 221 (Tex.App.-Houston [1st Dist.] 1997, writ denied) (interpreting Texas Tax Code section 33.74(g), which required referring court to hold hearing on appeal from master-in-chancery's ruling within 45 days, not to be jurisdictional); *Ex parte Brown*, 875 S.W.2d 756, 760 (Tex.App.-Fort Worth 1994, orig. proceeding) (interpreting predecessor to Texas Family Code section 201.015(f), which required referring court to hold hearing on appeal from associate judge's ruling within 30 days, not to be jurisdictional).

was also entitled to acquiesce in the later ruling without the court's losing subject-matter jurisdiction.[5] *See Harrell*, 986 S.W.2d at 631 ("[Family Code] section 201.015(f) is a deadline, a procedural requirement for the trial court, not the parties.... While Appellant certainly had the ability to pursue mandamus relief with regard to the trial court's failure to set the matter within thirty days, she was also entitled to acquiesce in a later trial setting."). Its acquiescing in the later ruling did not deprive the trial court of subject-matter jurisdiction. *See id.*

We sustain issue one.

## B. Whether the Subsequent Orders Were Void

In issue two, the Attorney General argues that, because the June 18 confirmation order was neither void nor appealed to the referring court, it became the final judgment in the cause. The Attorney General further argues that, because all subsequent orders vacating the confirmation order or granting a new trial were rendered after the trial court's plenary power (as calculated from the confirmation order's signing) had expired, they were void.

 "A child support review order issued under this chapter [Texas Family Code chapter 233] and confirmed by a court constitutes an order of the court and is enforceable by any means available for the enforcement of child support obligations under this code...." TEX. FAM. CODE ANN. § 233.001(b) (Vernon 2002). After a court confirms a non-agreed CSRO, as was done here, the parties have 30 days to file a motion for new trial. *See id.* § 233.0271(b). These provisions indicate that an order confirming a CSRO is a

final judgment in the cause, from which point plenary power runs for 30 days.

 In this case, an associate judge signed the confirmation order. "If a request for a de novo hearing [of the associate judge's ruling] before the referring court is not timely filed ..., the proposed order or judgment of the associate judge ... shall become the order or judgment of the referring court by operation of law without ratification by the referring court." *Id.* § 201.1041(a) (Vernon Supp.2007). A party has seven days in which to request a *de novo* hearing before the referring court to challenge the associate judge's ruling. *Id.* §§ 201.1041(b), 201.015(a) (Vernon Supp.2007). Because Preston did not appeal the associate judge's June 18 confirmation order to the referring court, it became the order of the referring court by operation of law no later than June 25, 2007. Preston filed his motion to vacate the associate judge's June 18 confirmation order on August 20, 2007. Thirty days after the associate judge's order became the court's final order was July 25, 2007; thirty days after the associate judge signed the confirmation order was July 18, 2007. By either calculation, Preston's motion to vacate was filed outside the trial court's plenary power.

 Orders entered outside a trial court's plenary power are void. *See, e.g., State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex.1995) ("Judicial action taken after the court's jurisdiction over a cause has expired is a nullity."). "Mandamus relief is appropriate when a trial court issues an order after its plenary power has expired" because such rulings are void. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68 (Tex.2008); *In re Dickason*, 987 S.W.2d 570, 571 (Tex.1998). The associate

---

5. The same is true of any affected party, including Preston, who admitted having been served with notice of the confirmation petition's filing.

judge's October 17, 2007 order, as well as both of the orders of which the Attorney General complains, were entered outside the trial court's plenary power, as calculated from the June 18, 2007 order confirming the non-agreed CSRO. Accordingly, all three orders are void, and the June 18, 2007 order confirming the non-agreed CSRO stands as the final judgment in this cause. *See State ex rel. Latty,* 907 S.W.2d at 486 ("We declare the order appealed from void because it was signed after the district court's plenary jurisdiction expired. This leaves intact as the final order in this case the prior order establishing Owens' paternity and setting child support.").

We sustain issue two.

### Conclusion

We withdraw our February 21, 2008 order granting a temporary stay. We grant the petition for writ of mandamus. The trial judge is ordered to vacate the following orders: (1) the November 19, 2007 order affirming the associate judge's October 17, 2007 order vacating his earlier confirmation order and (2) the January 30, 2008 order granting the motion for new trial of Preston and setting a new trial. We are confident that the trial judge will comply with our determination; writ will issue only if the trial judge fails to so comply.