NO. 07-09-0087-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 24, 2009

______________________________

In re JOANN MCKINNEY, 

Relator

_________________________________

Memorandum Opinion on Petition for Writ of Mandamus

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending before this court is the petition of Joann McKinney requesting that we issue a writ of mandamus against Richard Dambold, assigned judge of the 320
th
 District Court, directing him to rule on a motion for new trial.  We deny the petition.

The final judgment in this cause was signed on June 27, 2008.  McKinney filed her motion for new trial on July 24, 2008.  The trial court heard the matter on August 6, 2008.  Instead of ruling, however, the judge recused himself.  The regional presiding judge then appointed Judge Dambold on October 1, 2008, in place of the jurist who recused himself.  To date, no trial judge has formally signed an order either granting or denying the motion for new trial.  

Assuming 
arguendo
 that the motion for new trial was timely, it nonetheless has been overruled by operation of law.  That occurred because neither trial judge executed a written order disposing of the motion within 75 days of the date the final judgment was signed. 
Tex. R. Civ. P
. 329b(c).  This is true irrespective of whether the 56 days between the date the original judge recused himself and the date his replacement was appointed are excluded from the computation, as suggested by the relator.  

Indeed, because more than 105 days have lapsed since June 27, 2008, the trial court has no plenary jurisdiction to grant a new trial even if it cares to.  
See
 
Tex. R. Civ. P. 
329b(e) (stating that if a motion for new trial is timely filed, the trial court has plenary power to grant a new trial until 30 days after all such timely filed motions are overruled by order or operation of law).  Simply put, any action it would take on the motion would be void due to the absence of jurisdiction.  
In re Office of the AG, 
264 S.W.3d 800, 809 (Tex. App.– Houston [1
st
 Dist.] 2008) (orig. proceeding).   

Accordingly, the petition for writ of mandamus is denied.

Brian Quinn 

          Chief Justice