Affirmed and Memorandum Opinion filed March 25, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00560-CV

___________________

 

JOSEPH ELLIS, Appellant

 

V.

 

TAMIKO EADIE, Appellee



 



 

On
Appeal from the 310th District Court

Harris County,
Texas



Trial Court Cause
No. 2007-72234

 



 

 

MEMORANDUM OPINION

           
Joseph Ellis appeals an Agreed Child Support Review Order signed May 27,
2009.  In a single issue, he contends he can no longer afford to pay child
support and seeks a reduction.  We affirm.

           
On May 6, 2009, Ellis and appellee Tamiko Eadie appeared at a negotiation
conference administered by the Office of the Attorney General.  Ellis and
Eadie agreed that Ellis would pay $900.00 per month in child support beginning
on June 1, 2009, for their three children until the obligation for one child
terminated.  At that time, Ellis agreed to pay $783.00 per month for two
children until another obligation terminated, then $627.00 for one child until
the obligation for the youngest child terminated.  Ellis did not request a
hearing on the agreed order, nor did he file a motion for new trial.  The
agreed order recites, “Parties have agreed to deviate from the guideline amount
of $940 per month and set support at $900 per month.”  Appellant and
appellee initialed this sentence on the judgment.

           
Further, the agreed order contains a recitation that, “For all parties agreeing
to this order, a WAIVER OF SERVICE, HEARING, AND OTHER RIGHTS and APPROVAL OF
CHILD SUPPORT REVIEW ORDER is attached to this order and incorporated for all
purposes.”  The waiver of service, hearing, and other rights contained the
following language required by section 233.018 of the Texas Family Code:

I ACKNOWLEDGE THAT I HAVE READ AND UNDERSTAND THIS CHILD
SUPPORT REVIEW ORDER.  I UNDERSTAND THAT IF I SIGN THIS ORDER, IT WILL BE
CONFIRMED BY THE COURT WITHOUT FURTHER NOTICE TO ME.  I KNOW THAT I HAVE A
RIGHT TO REQUEST THAT A COURT RECONSIDER THE ORDER BY FILING A MOTION FOR NEW
TRIAL AT ANY TIME BEFORE THE 30TH DAY AFTER THE DATE OF THE CONFIRMATION OF THE
ORDER BY THE COURT.  I KNOW THAT IF I DO NOT OBEY THE TERMS OF THIS ORDER
I MAY BE HELD IN CONTEMPT OF COURT.

See Tex. Fam. Code Ann. § 233.018(a)(3)
(Vernon 2008).

The purpose of chapter 233 of the Texas Family Code
is to enable Title IV-D agencies like the Attorney General’s Office to take
expedited administrative actions to establish, modify, and enforce child
support and medical support obligations, to determine parentage, or to take any
other action authorized or required under Part D, Title IV, of the Social
Security Act (42 U.S.C. § 651, et. seq.).  Tex. Fam. Code Ann. §
233.001(a) (Vernon 2008).  To fulfill that purpose, the provisions of
chapter 233 promote expeditious resolution of the administrative
proceedings.  See In re Office of Attorney General of Texas, 264
S.W.3d 800, 806 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding).

In this case, the Family Code requires a party
requesting reconsideration of an agreed order to file a motion for new trial
before the 30th day of the confirmation of the order by the trial court. 
In this case, appellant filed no motion for new trial.  Therefore,
appellant waived his complaint about the child support to which he
agreed.  See Tex. R. App. P. 33.1; Tex. Fam. Code Ann. §
233.018(a)(3) (Vernon 2008).  Because he waived error, appellant’s issue
is overruled.

The judgment of the trial court is affirmed.

 

                                                                                   
PER CURIAM

 

 

 

Panel consists
of Justices Yates, Seymore, and Brown.