

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-20-00016-CV

---

IN RE T.O.

---

Original Proceeding
Trial Court No. 233-522021-12

---

Before Gabriel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

Relator T.O. (Father) complains that the trial court's order granting Real Party in Interest A.H.'s (Mother's) "Amended Motion to Set Aside Default Judgment and for New Trial" (motion for new trial) in this suit affecting the parent-child relationship (SAPCR) is void. Because the trial court signed the order granting a new trial after its plenary power expired, we conditionally grant relief.

## I. Statement of Facts

Father filed a petition to modify the parent-child relationship in April 2019, seeking to modify a 2012 order. The trial court signed the default Order in Suit to Modify Parent-Child Relationship on August 21, 2019. The trial court has provided this court with its electronic case management system entries for this case. The trial judge's August 21, 2019 entry provides, "Granted SAPCR after prove-up. Signed IWO and Record of Support." Mother timely filed her motion for new trial on September 13, 2019. *See* Tex. R. Civ. P. 329b(b). On September 17, 2019, Father filed a petition for writ of habeas corpus asking the trial court to compel Mother to turn the children over to him. The judge's case management system entry for that day provides, "Signed Order for issuance of a Writ."

The trial court set the hearing on the motion for new trial for October 3, 2019, but the trial court has advised us that the motion for new trial was heard on September 20, 2019, along with the petition for habeas corpus. The trial court's September 20, 2019 case management entry provides, "Denied Writ and Granted Motion to Set Aside

2

Prior Order. Granted Fee request of [Father]. Ordered introduction of children to the parents for 2 hours on 9/21/2019 and in two weeks if necessary."

The trial court has advised us that Father supplemented his modification petition on September 25 and that Mother filed her counterpetition the next day. On September 30, 2019, the associate judge held a temporary-orders hearing and signed an associate judge's report and a pretrial conference order. The trial court's order granting the motion for new trial was not signed until December 10, 2019. Father filed this petition for writ of mandamus on January 9, 2020.

## II. Standard of Review

For mandamus relief, a relator must establish that an order is void or a clear abuse of discretion with no adequate remedy by appeal. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). A void order is an abuse of discretion, and mandamus will issue to remedy it regardless of whether the relator has an adequate remedy by appeal. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *In re Pixler*, 584 S.W.3d 79, 84 (Tex. App.—Fort Worth 2018, orig. proceeding); *In re Office of Att'y Gen. of Tex.*, 264 S.W.3d 800, 805 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding).

## III. Discussion

When a trial court does not rule on a motion for new trial in a written order signed within 75 days after the judgment is signed, the motion is overruled by operation of law. Tex. R. Civ. P. 329b(c). The trial court has plenary power to grant a new trial

3

or to vacate, modify, correct, or reform the judgment for an additional 30 days after the motion is overruled by operation of law. Tex. R. Civ. P. 329b(e). A trial court cannot set aside a valid judgment after its plenary power expires except by bill of review. Tex. R. Civ. P. 329b(f). An order (other than an order correcting a mere clerical error or vacating a void order or judgment) that is issued after the expiration of a trial court's plenary power is void. *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding); *see In re Elizondo*, 544 S.W.3d 824, 829 (Tex. 2018) (orig. proceeding); *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008) (orig. proceeding); *Sw. Bell Tel. Co.*, 35 S.W.3d at 605. "Mandamus relief is appropriate when a trial court issues an order after its plenary power has expired." *Brookshire Grocery Co.*, 250 S.W.3d at 68; *see also In re Lovito-Nelson*, 278 S.W.3d 773, 776 (Tex. 2009) (orig. proceeding).

When the trial court did not sign a written order disposing of Mother's motion for new trial by November 4, 2019, the 75th day after the judgment was signed, the motion was overruled by operation of law. *See* Tex. R. Civ. P. 329b(c). The trial court's plenary power expired December 4, 2019. *See* Tex. R. Civ. P. 329b(e). The trial court therefore had no plenary power to grant the motion for new trial on December 10, 2019, *see* Tex. R. Civ. P. 329b(f), and the order purporting to do so was void. *See Elizondo*, 544 S.W.3d at 829; *Brookshire Grocery Co.*, 250 S.W.3d at 72; *Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *Dickason*, 987 S.W.2d at 571.

Mother raises several arguments to dissuade this court from granting Father mandamus relief. None of them have merit.

4

*First*, Mother argues that the trial court did not abuse its discretion by signing the order granting the motion for new trial and that Father could have appealed any forthcoming final judgment. However, the trial court abused its discretion by signing the void order, and Father's ability to appeal a future void judgment does not block mandamus relief from this void order. *See Sw. Bell Tel. Co.*, 35 S.W.3d 605; *Pixler*, 584 S.W.3d at 84; *Office of Att'y Gen. of Tex.*, 264 S.W.3d at 805.

*Second*, Mother argues that the default judgment was not final under *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001). "[A]n order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it" does. *Id.* at 205; *see also Elizondo*, 544 S.W.3d at 827–28. If the order's finality language is clear and unequivocal, we do not examine the record. *Elizondo*, 544 S.W.3d at 828, 829. However, if the order's finality language is not clear and unequivocal, we do examine the record to determine finality. *See Pope-Nixon v. Howard*, No. 05-18-01215-CV, 2019 WL 911745, at *1 (Tex. App.—Dallas Feb. 25, 2019, no pet.) (mem. op.) (citing *Elizondo*, 544 S.W.3d at 827–28).

Although the default judgment here includes a Mother Hubbard clause expressly denying all relief not granted, a Mother Hubbard clause is not a conclusive sign of finality. *In re R.R.K.*, 590 S.W.3d 535, 541 (Tex. 2019); *Lehmann*, 39 S.W.3d at 206–07. The default judgment also does not contain all of the parties' required identifying information. *See* Tex. Fam. Code Ann. § 105.006(a); *R.R.K.*, 590 S.W.3d at 542–43.

"[W]hen finality is contested, and the order lacks required statutory elements, a reviewing court should examine the record to determine finality under *Lehmann* and its progeny." *R.R.K.*, 590 S.W.3d at 542.

A judgment lacking clear finality language must dispose of all parties and all issues to be final. *Lehmann*, 39 S.W.3d at 195. When necessary, we review the record to make this determination. *Id.* at 205–06. Here, the mandamus record makes clear that the default judgment disposed of all parties and all claims pending on August 21, 2019. The case management entry for August 21, 2019 states that the trial court "[g]ranted SAPCR after prove-up." The 26-page default judgment states that

- Father announced ready for trial;

- Mother did not appear and wholly made default;

- A jury was waived; and

- The modification requested in Father's petition is in the children's best interest and is granted.

The default judgment also contains required statutory warnings and disposes of all of Father's claims raised in his modification petition—child support, medical support, unreimbursed medical expenses, conservatorship, possession and access, costs, attorney's fees, and postjudgment interest on those costs and attorney's fees. The one-page memorandum held interlocutory in *R.R.K.* left possession and child support unresolved and omitted all statutorily required warnings. *R.R.K.*, 590 S.W.3d at 541–

6

43. The default judgment here leaves no issue unresolved. We therefore hold that it is a final judgment.

*Third*, Mother relies on a misstatement of Rule 306a(2) to argue that the trial court's failure to sign an order within its plenary power does not invalidate it. That rule provides,

> **2. Date to be shown.** Judges, attorneys and clerks are directed to use their best efforts to cause all judgments, decisions and orders of any kind to be reduced to writing and signed by the trial judge with the date of signing stated therein. If the date of signing is not recited in the judgment or order, it may be shown in the record by a certificate of the judge or otherwise; provided, however, that *the absence of a showing of the date in the record shall not invalidate any judgment or order.*

Tex. R. Civ. P. 306a (emphasis added). The absence of a date from a written order is not the issue in this case.

*Fourth*, Mother argues that the oral rendition granting the new trial was valid. The parties did not provide us with a record showing an oral rendition granting the new trial. The September 20, 2019 case management entry provides that the trial court "[g]ranted Motion to Set Aside Prior Order." Even if that entry did indicate that a rendition occurred, an oral rendition is insufficient to grant a new trial. The Supreme Court of Texas has consistently held that Rule 329b(c) requires a written order to grant a new trial. *Lovito-Nelson*, 278 S.W.3d at 775–76.[1]

---

[1]Although Mother fails to cite the statutory definition, we consider this argument as fairly including the subsidiary issue of whether the trial court "rendered" its ruling in accordance with Section 101.026 of the Family Code. *See* Tex. R. App. P. 38.1(f) ("The

7

statement of an issue or point will be treated as covering every subsidiary question that is fairly included."). We hold that it did not.

In 1995, the Legislature included in the recodification of the Family Code a definition of "render" exclusive to suits affecting the parent-child relationship. *See* Act of April 6, 1995, 74th R.S., Ch. 20, § 1, 1995 Tex. Gen. Laws 113, 124 (current version at Tex. Fam. Code Ann. § 101.026). Section 101.026 states,

> "Render" means the pronouncement by a judge of the court's ruling on a matter. The pronouncement may be made orally in the presence of the court reporter or in writing, including on the court's docket sheet or by a separate written instrument.

*Id.* By its terms, the definition is not limited to the pronouncement of judgments only but applies to any "ruling on a matter" in a particular SAPCR. *See id.*

Nevertheless, without any reference to Section 101.026, in *Lovito-Nelson*, the Supreme Court held that Rule 329b(c) mandated that a ruling granting a motion for new trial in a SAPCR take the form of a written order, categorically excluding rulings by oral pronouncement or docket sheet entry. 278 S.W.3d at 775–76 (rejecting trial court's initialed docket entry, "New trial granted. DHL," and contemporaneous execution of a "Pre-Trial Scheduling Order" setting a new trial date, signed by counsel for all parties). In so doing, the court relied almost exclusively on those of its previous decisions antedating the enactment of Section 101.026, and no decisions involving SAPCRs. *See id.*

Accordingly, *Lovito-Nelson* binds us, and the oral pronouncement alleged by Mother is insufficient to comply with Rule 329b(c). Even if we considered Section 101.026 controlling, Mother still fails to demonstrate that the trial court granted her motion for new trial because she has provided no official transcript of the oral pronouncement confirming "the presence of the court reporter" as required for a SAPCR rendition. Tex. Fam. Code Ann. § 101.026.

Finally, as we observed in *In re A.F.*, despite Section 101.026's authorization of docket sheet entry rulings in SAPCRs, no court has held that such authorization extends to entries in the trial court's case management system. No. 02-19-00117-CV, 2019 WL 4635150, at *9 n.7 (Tex. App.—Fort Worth Sept. 24, 2019, no pet.). Here, since the official docket sheet of the trial court does not contain a single entry concerning Father's SAPCR, including any entry concerning the entry of the default judgment, this Court inquired as to whether there were any entries in the case

*Fifth*, Mother argues that Father lost any right to mandamus relief by participating in trial court proceedings after the trial court orally granted a new trial and by delaying the filing of his petition for writ of mandamus. Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *In re Bahn*, 13 S.W.3d 865, 871 (Tex. App.—Fort Worth 2000, orig. proceeding). One such principle is that equity helps the diligent but not those who slumber on their rights. *Id.* The party asserting the affirmative defense of laches must show both an unreasonable delay by the other party in asserting its rights and harm as a result of the delay. *Id.* An unexplained delay of several months can be grounds for denying a petition for writ of mandamus. *See Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). This petition was filed January 9, 2020, only about five weeks after the trial court lost its plenary power to sign a written order granting the motion for new trial. Mother has failed to show an unreasonable delay. *See In re Tarrant Cty.*, No. 02-05-00274-CV, 2005 WL 3436582, at *3 (Tex. App.—Fort Worth Dec. 12, 2005, orig.

management system concerning Mother's motion for new trial. On September 20, 2019, the trial court made the following entry: "Denied Writ and Granted Motion to Set Aside Prior Order." Although Mother had styled her motion for new trial as a "Motion to Set Aside Default Judgment and for New Trial," there were actually two potential "prior orders" that this entry possibly referenced: the default judgment and a writ of habeas corpus issued in execution thereof. As a result, even assuming this entry constitutes a docket sheet entry pursuant to Section 101.026, there is sufficient ambiguity in the trial court's entry to foreclose the categorical granting of a new trial. *See id.* (assuming entry in case management system attempted rendition pursuant to Section 101.026, the absence of specific statutory findings foreclosed its consideration).

proceeding [mand. denied]) (mem. op.). Also, void orders may be collaterally challenged at any time. *Gainous v. Gainous*, 219 S.W.3d 97, 105 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (op. on reh'g); *see* Tex. R. Civ. P. 329b(f); *In re E.R.*, 385 S.W.3d 552, 566 (Tex. 2012).

*Sixth*, Mother contends without citing any authority that the associate judge's report signed September 30, 2019, modified the default judgment. In *Blackburn v. Blackburn*, the wife, Peggy, argued that a temporary order signed after an oral pronouncement of divorce set aside that oral pronouncement. No. 02-12-00369-CV, 2015 WL 2169505, at *10 (Tex. App.—Fort Worth May 7, 2015, no pet.) (mem. op.). We rejected her argument, explaining,

> Temporary orders typically expire with the entry of a final judgment. Although a temporary order may not supersede a judgment once the temporary order has expired, a trial court may enter temporary orders independently of the final decree. The rendition of a final divorce decree does not in itself nullify any temporary order with respect to payments past due. The decree supersedes the temporary order with respect to future support, but the obligation for past support, as fixed by the temporary order, continues unless modified by the provisions of the divorce decree. Even though these legal principles are true, they pertain to the determination of the continued enforceability of temporary orders after the entry of a final decree, not the effect the entry of temporary orders has on the finality of an oral rendition of divorce. We reject Peggy's contention that a temporary order can trump a final community property division.

*Id.* (citations omitted). Applying the same reasoning and assuming without holding that the associate judge's report is a temporary order, we reject Mother's contentions that it modified the default judgment. Further, as a matter of logic, because no signed order

granting a new trial was issued within the trial court's plenary power, nothing gave the associate judge power to hold a temporary-orders hearing in the first place, much less issue a temporary order; the SAPCR begun by the April 2019 filing of Father's petition had been resolved.[2]

*Seventh*, Mother argues that the trial court did not abuse its discretion by signing the order granting the new trial after its plenary power expired because the default judgment is unenforceable and void, as it does "not specify specific times for Mother to exercise possession." The default judgment was issued within the trial court's plenary power, and Mother has not challenged the trial court's jurisdiction. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272–73 (Tex. 2012). The default judgment is therefore not void. To the extent Mother wishes to challenge the default judgment on its merits, she must do so with a timely bill of review in the trial court, *see* Tex. R. Civ. P. 329b(f), *Rivera*, 379 S.W.3d at 275, not as a real party in interest to this original proceeding.

## IV. Conclusion

Because the trial court's plenary power expired before it signed the order granting Mother's motion for new trial, mandamus relief is appropriate. *See Lovito-Nelson*, 278 S.W.3d at 776. Accordingly, we conditionally grant Father's petition for writ of mandamus and direct the trial court to vacate its December 10, 2019 order granting the

---

[2]We offer no opinion on the effect of Father's supplemental petition, Mother's counterpetition, and the associate judge's report regarding any new proceeding begun after the default judgment.

11

motion for new trial.  We are confident that the trial court will promptly comply with our directive.  The writ will issue only if the trial court does not so comply.


/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  April 9, 2020