

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00060-CV

———————————————

IN RE J.R., Relator

Original Proceeding
158th District Court of Denton County, Texas
Trial Court No. 19-7168-211

Before Birdwell, Bassel, and Wallach, JJ.
Opinion by Justice Wallach

## OPINION

In this original proceeding, relator J.R. (Father) asks us to direct the trial court to dismiss the underlying parental-rights termination case because the trial court lacks subject-matter jurisdiction. Because we agree that the trial court lacks subject-matter jurisdiction, we conditionally grant mandamus relief and order the trial court to dismiss the underlying case.

## I.     Background

On August 8, 2019, the Department of Family and Protective Services (the Department) filed the underlying parental-rights termination case. That same day, the Department was named temporary sole managing conservator of the child subject to the suit. The initial dismissal date for the case was August 10, 2020. *See* Tex. Fam. Code Ann. § 263.401(a). On August 3, 2020, the trial court entered an agreed order extending the dismissal date to February 8, 2021.

On February 8, 2021, Father filed a motion to dismiss the underlying case, arguing that it should be dismissed because the dismissal date had arrived, and trial had not commenced. That same day, the Department filed a motion requesting that the dismissal date be extended for an additional period not to exceed 180 days pursuant to the Texas Supreme Court's Thirty-Third Emergency Order Regarding the COVID-19 State of Disaster (the Thirty-Third Emergency Order).[1] *See Thirty-Third*

---

[1]In its motion, the Department incorrectly stated that the dismissal date for the case was February 9, 2021, rather than the correct date of February 8, 2021.

*Emergency Order Regarding COVID-19 State of Disaster*, Misc. Docket No. 21-9004, 2021 WL 1031672, at *1 (Tex. Jan. 14, 2021). That same day—February 8, 2021—the trial court entered an order extending the dismissal date to July 13, 2021. The trial court's order stated that it was extending the dismissal deadline due to extraordinary circumstances caused by COVID-19 and due to the Thirty-Third Emergency Order.[2] This mandamus followed.

## II. Discussion

### A. Standard of Review

We grant the extraordinary relief of mandamus only when the trial court has clearly abused its discretion and the relator lacks an adequate appellate remedy. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding); *see In re State*, 355 S.W.3d 611, 613 (Tex. 2011) (orig. proceeding). A trial court abuses its discretion if it enters a void order, and mandamus will issue to remedy the void order regardless of whether the relator has an adequate remedy by appeal. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *In re Pixler*, 584 S.W.3d 79, 84 (Tex. App.—Fort Worth 2018, orig. proceeding); *In re Office of Att'y Gen. of Tex.*, 264 S.W.3d 800, 805 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding). An order is void if

---

[2]The trial court's order also incorrectly stated that the dismissal date was February 9, 2021, rather than the correct date of February 8, 2021. The order additionally incorrectly stated that the parties agreed to extend the dismissal date to July 13, 2021. The trial court later entered a subsequent order clarifying that its February 8, 2021 order incorrectly reflected that the previous dismissal date was February 9, 2021, and clarifying that Father and other parties did not agree to extend the dismissal date to July 13, 2021.

it was entered by a court without subject-matter jurisdiction. *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005); *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 439 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (op. on reh'g). Whether a trial court possesses subject-matter jurisdiction is a question of law we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

**B.    Did the trial court have subject-matter jurisdiction on February 8, 2021, when it extended the dismissal date?**

Section 263.401 of the Texas Family Code establishes certain deadlines for cases filed by the Department that request termination of the parent–child relationship. *See* Tex. Fam. Code Ann. § 263.401. Pursuant to that section, a trial court loses jurisdiction of such a suit unless the court has commenced the trial on the merits or granted an extension under subsection (b) or (b-1) of Section 263.401, on the first Monday after the first anniversary that the court rendered a temporary order appointing the Department as temporary managing conservator. *Id.* § 263.401(a). To retain the suit, the trial court must find that extraordinary circumstances necessitate continuing the Department's temporary managing conservatorship and that continuing the conservatorship is in the child's best interest. *Id.* § 263.401(b). If the trial court makes those findings, it may retain the suit on its docket for a period not to exceed 180 days after the initial dismissal date. *Id.* If the trial court extends the dismissal date but does not commence the trial on the merits before the extended dismissal date, "the court's jurisdiction over the suit is terminated and the suit is

4

automatically dismissed without a court order." *Id.* § 263.401(c). Pursuant to the Thirty-Third Emergency Order, the dismissal date of a case previously retained on a trial court's docket pursuant to Section 263.401(b) or (b-1) may be extended for an additional period not to exceed 180 days from the date of the Thirty-Third Emergency Order. *See Thirty-Third Emergency Order*, 2021 WL 1031672, at *1.

The Department candidly acknowledges several cases, including one of our own, holding that a trial court's subject-matter jurisdiction terminates on the dismissal date unless, by that date, the trial on the merits has commenced or the trial court has extended the dismissal deadline. *See, e.g.*, *In re X.A.F.*, No. 07-19-00443-CV, 2020 WL 2896533, at *1 (Tex. App.—Amarillo June 1, 2020, no pet.) (mem. op.) ("Here, there is no question that the trial court did not commence a trial on the merits *by* the dismissal deadline . . . . As such, the trial court automatically lost jurisdiction over the Department's underlying suit." (emphasis added)); *In re Z.S.*, No. 14-19-00891-CV, 2020 WL 2037202, at *3 (Tex. App.—Houston [14th Dist.] Apr. 28, 2020, no pet.) (stating that if a trial court grants an extension under Section 263.401(b) but does not commence the trial *before* the extended dismissal date, the court's jurisdiction is terminated); *In re A.F.*, No. 02-19-00117-CV, 2019 WL 4635150, at *11 (Tex. App.—Fort Worth Sept. 24, 2019, no pet.) ("The trial court's dismissal deadline was March 4, 2019, but no trial or extension was had *by* that date. The trial court therefore automatically lost jurisdiction over the Department's termination suit, and the ensuing order of termination was void." (emphasis added)).

But the Department points to two other cases, *In the Interest of H.B.C.*, No. 05-19-00907-CV, 2020 WL 400162 (Tex. App.—Dallas Jan. 23, 2020, no pet.) (mem. op.), and *In the Interest of J.-R.A.M.*, No. 10-20-00221-CV, 2020 WL 7866877 (Tex. App.—Waco Dec. 30, 2020, no pet.) (mem. op.), to support its position that the trial court had subject-matter jurisdiction when it entered its February 8, 2021 order extending the dismissal deadline.

In *H.B.C.*, the initial dismissal date was extended to January 28, 2019. 2020 WL 400162, at *12. On that date, certain trial proceedings took place. *Id.* The issue in the case was whether those trial proceedings constituted a commencement of the trial on the merits. *Id.* Without discussing whether the trial court had subject-matter jurisdiction on January 28, 2019, the Dallas Court of Appeals concluded that the proceedings that took place on that date constituted a commencement of the trial, and it rejected the appellants' argument that the dismissal deadline had passed. *Id.* at *14. In light of the above authorities, including authority from this court, to the extent that *H.B.C.* suggests that a trial court possesses subject-matter jurisdiction on the dismissal date when the trial on the merits has not commenced and the trial court has not extended the dismissal deadline, we reject it. *See X.A.F.*, 2020 WL 2896533, at *1; *Z.S.*, 2020 WL 2037202, at *3; *A.F.*, 2019 WL 4635150, at *11; *see also* Tex. Fam. Code Ann. § 263.401(c) ("If the court grants an extension under Subsection (b) or (b-1) but does not commence the trial on the merits *before* the dismissal date, the court's jurisdiction over the suit is terminated." (emphasis added)).

In the other case the Department points us to, *J.-R.A.M.*, the initial dismissal date was extended to August 8, 2020. 2020 WL 7866877, at *1. A trial was set in July 2020, but it was reset without objection to August 11, 2020, due to issues relating to COVID-19. *Id.* The appellant filed a motion to dismiss on August 10, 2020, arguing that the trial court had lost subject-matter jurisdiction by failing to commence the trial before the written dismissal date. *Id.* The trial court, however, determined that it had extended its jurisdiction due to various emergency orders issued by the Texas Supreme Court authorizing the dismissal date to be extended for an additional period of time. *Id.* at *2. In affirming, the Waco Court of Appeals held that the trial court properly extended its jurisdiction pursuant to the emergency orders and noted that "a delay of three days beyond the dismissal deadline [wa]s not such a significant delay as to deny [appellant] his right to due process." *Id.* at *3. To the extent that *J.-R.A.M.* suggests that a trial court's jurisdiction, once lost, can be revived by a subsequent order, we reject it.[3] *See In re A.M.*, No. 07-19-00391-CV, 2020 WL 1174579, at *3 (Tex. App.—Amarillo Mar. 11, 2020, no pet.) (mem. op.) ("[O]nce a trial court loses

[3]We note that while the Thirty-Third Emergency Order allows a trial court to extend the dismissal date for cases that have been previously retained under Section 263.401(b) or (b-1), the order does not suggest that a trial court that has already been divested of jurisdiction may nevertheless extend the dismissal date. *See Thirty-Third Emergency Order*, 2021 WL 1031672, at *1. Indeed, the language in that order "presupposes a pre-existing power or authority over the case or the proceedings" and "does not suggest that a court can create jurisdiction for itself where the jurisdiction would otherwise be absent." *See Quariab v. El Khalili*, No. 05-20-00979-CV, 2021 WL 960646, at *1–2 (Tex. App.—Dallas Mar. 15, 2021, no pet. h.) (mem. op.) (discussing other emergency orders issued by the Texas Supreme Court related to COVID-19) (internal quotations omitted).

jurisdiction following the automatic dismissal of section 263.401, jurisdiction cannot be revived through a subsequent order."); *A.F.*, 2019 WL 4635150, at *10 ("[A]n order rendered after the trial court loses jurisdiction is void. . . . Because the trial court had already been divested of jurisdiction before rendering the order of extension on March 26, 2019, that order was void and did not extend the dismissal deadline.").

In light of the foregoing, we hold that the trial court's subject-matter jurisdiction terminated on February 8, 2021, because by that date, the trial court had not commenced a trial on the merits or further extended the dismissal date.[4] Thus, the trial court's February 8, 2021 order purporting to further extend the dismissal date is void, and the trial court has no discretion to do anything but dismiss the case as a ministerial act. *See In re Am. Nat'l Cty. Mut. Ins. Co.*, No. 14-12-01135-CV, 2013 WL 476824, at *1 (Tex. App.—Houston [14th Dist.] Feb. 6, 2013, orig. proceeding) (per curiam) (mem. op.).

### III. Conclusion

The trial court's subject-matter jurisdiction had terminated before the trial court entered its order purporting to extend the dismissal deadline. Therefore, that order is void, and the trial court lacks subject-matter jurisdiction over the underlying case. Accordingly, we conditionally grant a writ of mandamus and direct the trial court

---

[4]Nothing in the record before us indicates that the parties had previously discussed additional extensions prior to the February 8, 2021 dismissal date, and the Department's appellate counsel states in her response that she is unaware of any such conversations.

8

to dismiss the underlying case. *See* Tex. R. App. P. 52.8(c). Our writ will issue only if the trial court fails to comply.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: April 15, 2021