**In re Allen DICKASON, Relator.**

No. 98–0140.

Supreme Court of Texas.

Oct. 15, 1998.

Charles B. Lord, Law Offices of Charles B. Lord, Austin, Schalan Atkinson, Dallas, for Relator.

Michael D. Curran, McKinney, for Respondent.

PER CURIAM.

Relator Allen Dickason seeks a writ of mandamus to compel the trial court to vacate an order granting a new trial. Because the trial court did not have plenary power to grant the new trial, we conditionally grant the writ.

In the underlying litigation, Frank McElligott sued Dickason for alleged violations of McElligott's free speech rights and for intentional infliction of emotional distress after Dickason attempted to secure protection from a deposition subpoena. The subpoena was issued in connection with McElligott's pending divorce from his wife. McElligott apparently believed that his wife and Dickason were having an affair, and he sought to prove the affair through Dickason's testimony.

Dickason and McElligott eventually moved for sanctions against each other based on conduct relating to McElligott's second attempt to depose Dickason. On November 25, 1996, the trial court overruled McElligott's motion for sanctions, granted Dickason's motion for sanctions, and as a sanction dismissed McElligott's claims with prejudice.

McElligott timely filed a motion for new trial on December 19, 1996, contending that the evidence was insufficient to support the dismissal sanction and that the trial court failed to make specific findings supporting the dismissal. One week later, on December 26, 1996, McElligott filed an amended motion for new trial, which differed from the first motion only by arguing that the trial court's dismissal did not meet the requirements of *TransAmerican Natural Gas Corp. v. Powell.*[1] The next day, December 27, the trial judge, who was leaving the bench at the end of the year, overruled McElligott's motion for new trial by written order. Despite this order, on February 10, 1997, an assigned judge, sitting because the successor judge was recused, signed an order specifically granting McElligott's amended motion for new trial.

1. 811 S.W.2d 913 (Tex.1991).

Dickason asserts that the trial court did not have plenary power to grant the new trial on February 10, 1997, and that the order is void. We agree.

When a party files a motion for new trial within thirty days of a judgment, the trial court has plenary power for seventy-five days following the date the court signed the judgment to act on that motion.[2] Once the trial court overrules a timely-filed motion for new trial, the court retains plenary power for another thirty days.[3] Filing an amended motion for new trial does not extend the court's plenary power.[4]

■ Because the trial court overruled McElligott's motion for new trial on December 27, 1996, the trial court retained plenary power for the next thirty days, until January 26, 1997.[5] On February 10, 1997, the date the assigned judge granted McElligott a new trial, the trial court no longer had jurisdiction over the case. Accordingly, the February order granting a new trial is void.[6]

■ Mandamus is appropriate to set aside an order for new trial that is granted after the court's plenary power expires and that is, therefore, void.[7] Because the trial court had no power to grant the new trial, any subsequent retrial would be a nullity. Under these circumstances, Dickason does not have an adequate remedy by appeal and is entitled to mandamus relief.[8]

We therefore conditionally grant the writ of mandamus, and direct the trial court to vacate its February 10, 1997 order granting McElligott a new trial. The writ will issue only if the trial court fails to comply.

---

**2.** *See* Tex.R. Civ. P. 329b(c).

**3.** *See* Tex.R. Civ. P. 329b(e).

**4.** *See* Tex. Civ. P. 329b historical note ("An amended motion for new trial gains no additional time.").

**5.** *See* Tex.R. Civ. P. 329b(e).

**6.** *See Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex.1990) (explaining that a judgment is void

where the rendering court had no jurisdiction or capacity to act as a court).

**7.** *See Porter v. Vick*, 888 S.W.2d 789, 789–90 (Tex.1994); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985).

**8.** *See Buttery v. Betts*, 422 S.W.2d 149, 151 (Tex. 1967).