NUMBER 13-06-00278-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN RE RICARDO GARCIA, Relator. 

 


On Relator's Petition for Writ of Mandamus 


 


MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, and Castillo 


Memorandum Opinion by Justice Hinojosa



 On May 25, 2006, relator, Ricardo Garcia, filed a petition for writ of mandamus
requesting that this Court direct respondent, the Honorable Arnoldo Cantu, presiding judge
of the County Court at Law No. 5 of Hidalgo County, Texas, to set aside his "judgment for
permanent injunction" issued on July 13, 2004, in Cause No. 42,138-E. After reviewing the
relator's petition, this Court requested that the real party in interest, Miguel A. Longoria, file
a response no later than June 9, 2006. See Tex. R. App. P. 52.4. To date, no such
response has been filed.

 This original proceeding arises from an opinion issued by this Court on May 18,
2006, denying relator's motion for rehearing in the appeal of Garcia v. Longoria, No. 13-04-639-CV, 2006 Tex. App. LEXIS 4359 (Tex. App.-Corpus Christi, May 18, 2006). On
original submission, Garcia attempted to appeal the July 13, 2004 judgment for permanent
injunction. See Garcia v. Longoria, 2006 Tex. App. LEXIS 1292 (Tex. App.-Corpus Christi,
Feb. 16, 2006, no pet.). However, having found that the trial court issued the judgment
for permanent injunction after its plenary power had expired and thus the judgment was
void, we dismissed the appeal for want of jurisdiction and indicated that the proper remedy
was a writ of mandamus. Id. at *12. In his motion for rehearing, Garcia pointed out that
he had previously filed a petition for writ of mandamus related to the same matter, which
was denied by this Court because of the pending appeal. We then advised Garcia to file
a "new" petition for writ of mandamus. It is that petition for writ of mandamus that is now
before us.

 Mandamus relief is available only if the court clearly abused its discretion and the
party has no adequate remedy by appeal. In re SW. Bell Tel. Co., 35 S.W.3d 602, 605
(Tex. 2000) (orig. proceeding). Mandamus is proper if a trial court issues an order beyond
its jurisdiction. Id. (citing In re Dickason, 987 S.W.2d 570, 571 (Tex. 1998)). When a trial
court's order is void, however, mandamus relief is available regardless of whether there is
an adequate remedy by appeal. Id. Because this Court has already found that the trial
court's July 13, 2004 "judgment for permanent injunction" is void, we conclude that
mandamus relief is appropriate in this case.

 We conditionally grant relator's petition for writ of mandamus, and order respondent
to set aside his judgment for permanent injunction issued on July 13, 2004, in Cause No.
42,138-E. The writ will issue only if respondent fails to comply. 


 FEDERICO G. HINOJOSA

 Justice


 

Dissenting Memorandum Opinion by Justice Castillo.


Memorandum Opinion delivered and filed

this the 24th day of August, 2006.