Petition for Writ of Mandamus Conditionally Granted and Memorandum
Opinion filed December 20, 2007








 

Petition
for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed
December  20, 2007.

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00869-CV

____________

 

IN RE LONE STAR RV SALES, INC., Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

In this
original proceeding, relator, Lone Star RV Sales, Inc., seeks a
writ of mandamus ordering respondent, the Hon. Marc W. Holder, to vacate the
docket control order because it was entered more than 30 days after respondent
had entered final judgment when no post-judgment motion was filed and no appeal
was taken.  We conditionally grant the writ.








Real
parties in interest, James and Faye Knape, purchased a travel trailer from Lone
Star.  The Knapes sued Lone Star for various defects in the trailer and the
failure to repair such defects.  Lone Star brought a third-party complaint
against the manufacturer, Fleetwood Travel Trailers of Texas, Inc., asserting a
claim for indemnification.  On April 27, 2007, the trial court entered a
judgment, and, on June 4, 2007, it entered a docket control order, setting the
case for trial on October 22, 2007.[1]  

In order
to obtain mandamus relief, the relator must show that the trial court clearly
abused its discretion and the relator has no adequate remedy by appeal.  In
re Sw. Bell Tele Co., L.P., 226 S.W.3d 400, 403 (Tex. 2007) (orig.
proceeding).  The trial court abuses its discretion if it reaches a decision so
arbitrary and unreasonable as to constitute a clear and prejudicial error of
law.  Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). 
Mandamus is appropriate where an order is void because the trial court did not
have plenary power to enter such order.  See In re Dickason, 987 S.W.2d
570, 571 (Tex. 1998) (orig. proceeding) (AMandamus is appropriate to set aside
an order for new trial that is granted after the court's plenary power expires
and that is, therefore, void.@).  

The
judgment states the Knapes and Fleetwood appeared through their counsel of record
and A[a]s shown by the signatures below,
the parties stipulate and agree, and the Court finds that Third-Party Defendant
is not liable to the Plaintiffs[, and] . . . Plaintiffs take nothing from
Third-Party Defendant Fleetwood Travel Trailers of Texas, Inc. on all their
claims and causes of action alleged in the above-captained matter.@  The judgment was approved and entry
was requested by counsel for the Knapes and counsel for Fleetwood.  However,
the last sentence of the judgment states:  AThis judgment is a final judgment as
to all parties and all claims alleged in the above-styled and numbered
cause.@[2]  

Lone
Star contends the judgment is a final judgment and applies to all the Knapes= claims against it.  The Knapes
contend the judgment is not final because it is based on a settlement agreement
to which only they and Fleetwood are parties.  








When
there has not been a conventional trial on the merits, an order or judgment is
not final for purposes of appeal unless it either disposes of every pending
claim and party or unless it clearly and equivocally states that it finally
disposes of all claims and all parties.  Lehmann v. Har-Con Corp., 39
S.W.3d 191, 205 (Tex. 2001).  If the language of the order  is clear and
unequivocal, it must be given effect despite any other indications that one or
more parties did not intend for the judgment to be final.  Id. at 206. 
An express adjudication of all parties and claims in a case is not
interlocutory merely because the record does not afford a legal basis for the
adjudication.  Id.  

To
determine whether an order disposes of all pending claims and parties, it may
be necessary for the appellate court to look to the record in the case.  Id.
at 205B06.  However, because we find no
vagueness in the judgment itself, we need not consider the record.  Here, the
judgment=s clear and unequivocal language
disposes of all of the Knapes= claims against all parties.  

A trial
court retains jurisdiction over a case for a minimum of thirty days, during
which time the trial court has plenary power to change its judgment.  Tex. R. Civ. P. 329b(d); Lane Bank
Equip. Co. v. Smith S. Equip., Inc., 10 S.W.3d 308, 310 (Tex. 2000). 
Certain post‑judgment motions, if filed within this initial thirty day
period, extend the trial court=s plenary jurisdiction over its judgment for up to an
additional seventy‑five days.  Tex.
R. Civ. P. 329b(c), (e) & (g); Dickason, 987 S.W.2d at 571.  








The
Knapes did not request the trial court to modify the judgment to reflect that
only their claims against Fleetwood be dismissed.  Once thirty days passed
since respondent had signed the judgment, he had no power to set the Knapes= claims against Lone Star for trial,
and any trial from that point on would be a nullity.  See Dickason, 987
S.W.2d at 571 (holding the trial court had no power to grant the new trial and,
therefore, any subsequent retrial would be a nullity).  In light of the final
judgment, respondent abused his discretion in entering the docket control
order.  Moreover, because the docket control order is void, Lone Star need not
show that it does not have an adequate appellate remedy.  In re Sw. Bell
Tele. Co., 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). 

Accordingly,
we conditionally grant the petition for a writ of mandamus directing the trial
court to vacate its docket control order.  The writ will issue only if the
trial court fails to act in accordance with this opinion.  

Moreover,
the Knapes filed a motion to dismiss for lack of jurisdiction, in which they
asserted we do not have jurisdiction over an interlocutory appeal.  Because
this is an original proceeding, not an interlocutory appeal, we deny the Knapes= motion to dismiss as moot.

 

 

PER CURIAM

 

Petition Conditionally Granted and Memorandum Opinion
filed December 20, 2007.

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore. 









[1]  Although Lone Star filed its petition for
writ of mandamus on October 18, 2007, it did not request that we stay the trial
court proceedings.  





[2]  Emphasis added.