Opinion issued April 24, 2008












Opinion issued April 24, 2008

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

__________

 

NO. 01-08-00165-CV

__________

 

IN RE FERNANDO F. VALDES, Relator

 

 

 



Original Proceeding on Petition for
Writ of Mandamus

 

 

 



MEMORANDUM OPINION[1]

 

         By petition for writ of mandamus,
relator, Fernando F. Valdes challenges the trial court’s January 26, 2007 order
granting a new trial.  In his sole issue,
Valdes contends that the trial court abused its discretion by granting real
party in interest, Alan Battaglini’s, motion for reconsideration of
Battaglini’s motion for new trial after expiration of its plenary power.  We grant mandamus relief. 








Background

          In the underlying suit, Valdes sued
Battaglini for injuries sustained in a fist fight.  On October 10, 2006, the trial court granted
Valdes a default judgment.  Battaglini
filed a motion for new trial on October 13, 2006, which the court denied on
November 9, 2006.  On December 7, 2006,
Battaglini filed a motion to reconsider the court’s denial of his motion for new
trial.  The court granted the motion to
reconsider on January 26, 2007.  Valdes
seeks mandamus relief compelling the trial court to vacate its January 26, 2007
order granting the motion to reconsider.[2]

Standard of Review

 

          Mandamus is an extraordinary remedy
available only when (1) a trial court clearly abuses its discretion and (2)
there is no adequate remedy by appeal.  In
re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135–36 (Tex.
2004); In re Supportkids, Inc., 124 S.W.3d 804, 807 (Tex. App.—Houston [1st Dist.] 2003,
orig. proceeding).  A trial court clearly
abuses its discretion if it reaches a decision so arbitrary and unreasonable as
to amount to a clear and prejudicial error of law.  Walker
v. Packer, 827 S.W.2d 833, 839 (Tex.
1992).  With respect to a trial court’s
determination of legal principles, “a trial court has no ‘discretion’ in
determining what the law is or applying the law to facts.”  In re Prudential, 148 S.W.3d at 135
(quoting Walker,
827 S.W.2d at 840).  Thus, a trial
court’s failure to analyze or apply the law correctly will constitute an abuse
of discretion and may result in a reversal by extraordinary writ.  Walker,
827 S.W.2d at 840. Mandamus relief is proper when a trial court signs an order
for new trial after it has lost plenary power. 
In re Dickason, 987 S.W.2d 570, 571 (Tex. 1998). 

Discussion

          

          The trial court has plenary power to
grant a new trial within 30 days after the judgment is signed.  See Tex. R. Civ. P. 329b(d).
 The filing of a motion for new trial
extends the trial court’s plenary power over the judgment.  Lane Bank Equip. Co. v. Smith. S. Equip.,
Inc., 10 S.W.3d 308, 310 (Tex.
2000).  If the motion is denied, plenary
power is extended until 30 days after the motion is denied.  Tex.
R. Civ. P. 329b(e).  An
amended motion for new trial does not extend plenary power.  Dickason, 987 S.W.2d at 571.  

          Here, the trial court denied the
motion for new trial on November 9, 2006. 
The court’s plenary power expired 30 days later on December 9,
2006.  See Tex. R. Civ. P. 329b(e).
 However, the court granted
Battaglini’s motion for reconsideration of defendant’s motion for new trial on
January 26, 2007.  Battaglini implies
that his motion for reconsideration is an amended motion for new trial.  Unlike a motion for new trial, an amended
motion for new trial does not extend plenary power.  Dickason, 987 S.W.2d at 571.  Therefore, the trial court lacked plenary
power when it signed the motion to reconsider on January 26, 2007.  Because the trial court granted the motion
for reconsideration after it had lost plenary power, the order is void.  Id.

Conclusion

          We hold that the trial court abused
its discretion by granting Battaglini’s motion for reconsideration of his
motion for new trial.  We conditionally
grant the writ of mandamus and order the trial court to vacate its January 26,
2007 “Order on Defendant’s Motion for Reconsideration of Defendants Motion for
New Trial.”  We are confident that the
trial court will promptly comply, and our writ will issue only if it does
not.           

 

                                                                   Evelyn
V. Keyes, 

                                                                   Justice

 

Panel consists of
Justices Taft, Keyes, and Alcala.              


 

 

 

 











[1]           The
underlying suit is Fernando F. Valdes v. Alan W. Battaglini, No.
05-CV-1096 in the 122nd District Court of Galveston County, Texas, the Hon.
John Ellisor presiding.  





[2]               Valdes also sought emergency relief
to stay proceedings pending resolution of the mandamus. On March 10, 2008, we
granted emergency relief.