



## MEMORANDUM OPINION

No. 04-11-00335-CV

**IN RE PEDRO R. SANCHEZ**

Original Mandamus Proceeding[1]

Opinion by:   Sandee Bryan Marion, Justice

Sitting:   Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Marialyn Barnard, Justice

Delivered and Filed:  July 20, 2011

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator, Pedro R. Sanchez, files this petition for writ of mandamus, arguing the trial court acted without jurisdiction by granting a motion for new trial filed after the trial court's plenary power over the cause expired.  We conditionally grant the petition for writ of mandamus.

### BACKGROUND

On December 20, 2010, the trial court in the underlying proceeding signed a final decree of divorce ("the divorce decree") without real party in interest Lydia R. Sanchez or her attorney present.  Thirty-one days later, on January 20, 2011, Lydia filed a motion for new trial claiming she did not participate in the submission of the decree and was not provided a copy of the divorce decree "until after it was filed and signed by the Court."  The motion was not sworn and

---

[1] This proceeding arises out of Cause No. 2009CVG001732C3, styled *In the Matter of the Marriage of Lydia R. Sanchez and Pedro R. Sanchez*, filed in the County Court at Law No. 2, Webb County, Texas, the Honorable Jesus Garza presiding.

did not allege that both Lydia and her attorney failed to receive notice or had no actual knowledge of the divorce decree within twenty days of its signing.

Seventy-one days after the trial court signed the divorce decree and forty days after she filed her first motion for new trial, Lydia filed a "First Supplement to Motion for New Trial" and attached her attorney's affidavit, which states that he first obtained "actual knowledge" of the divorce decree "on or about January 20, 2011." The trial court held a hearing on the motion for new trial on March 1, 2011 and signed an order on March 25, 2011 partially granting the motion. The court's ruling set aside "[a]ll orders related to property division and debts" and partially granted the motion for new trial "as to those issues only."

Relator argues the trial court lacked jurisdiction to grant Lydia's motion for new trial because its plenary power expired on January 19, 2011, and Texas Rule of Civil Procedure 306a did not extend the time periods running from the date the trial court signed the divorce decree. We agree and conditionally grant the petition for mandamus.

## DISCUSSION

Generally, mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). When an order granting a new trial is void because it was granted after the trial court's plenary power expired, mandamus relief is available because there is no adequate remedy by appeal. *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998).

A trial court retains plenary power over a matter for thirty days after signing a final judgment or other order. TEX. R. CIV. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). If a timely original or amended motion for new trial is filed

within those thirty days, the trial court's plenary power is extended for up to an additional seventy-five days. TEX. R. CIV. P. 329b(a–c); *Lane Bank Equip. Co.*, 10 S.W.3d at 310. Similarly, a supplemental motion for new trial must also be filed within thirty days after the final judgment is signed in order to extend the trial court's plenary power. *Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.*, 132 S.W.3d 477, 486 n.9 (Tex. App.—Houston [14th Dist.] 2004, pet. denied); *Voth v. Felderhoff*, 768 S.W.2d 403, 412 (Tex. App.—Fort Worth 1989, writ denied).

However, all "[p]ost-judgment procedural timetables—including the period of the trial court's plenary power—run from the day a party receives notice of judgment, rather than the day judgment is signed, if the party: (1) complies with the sworn motion, notice and hearing requirements mandated by Rule 306a(5), and (2) proves it received notice of the judgment more than twenty (but less than ninety-one) days after it was signed." *In re The Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding) (citing TEX. R. CIV. P. 306a). Rule 306a requires the party alleging late notice to file a sworn motion with the trial court establishing the date the party or the party's counsel first obtained notice or actual knowledge of the judgment. TEX. R. CIV. P. 306a(5). "The sworn motion establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment." *Lynd*, 195 S.W.3d at 685. Thus, if a party complies with Rule 306a's sworn motion requirement, the thirty-day period of the trial court's post-judgment plenary power prescribed by Rule 329b will run from the date of notice, rather than from the date of the final judgment.

Here, because the trial court signed the final divorce decree on December 20, 2010, the court's plenary power over the matter expired thirty days later on January 19, 2011. Lydia contends neither she nor her attorney had notice or actual knowledge of the divorce decree until January 20, 2011, the same date on which she filed her motion for new trial. In order to extend the trial court's plenary power to thirty days from the date she alleges she obtained notice, Lydia had thirty days from that date, January 20, 2011, to amend or supplement her motion for new trial to comply with Rule 306a, or until February 19, 2011. However, she did not file her supplement to her motion for new trial, which was accompanied by her attorney's affidavit alleging delayed notice, until March 1, 2011. Thus, we may only consider whether Lydia's motion for new trial complied with Rule 306a's requirements such that it revived the trial court's plenary power.

Lydia's motion for new trial was not sworn and did not allege the date on which she or her counsel first obtained notice or actual knowledge of the divorce decree. The motion also did not allege that neither Lydia nor her counsel received notice of the divorce decree within twenty days of its signing. Therefore, because Lydia's motion for new trial did not comply with the requirements of Rule 306a, the trial court's plenary power was not revived and the court lacked jurisdiction to partially grant the motion on March 25, 2011.

## CONCLUSION

For these reasons, the trial court erred in partially granting Lydia's motion for new trial. Therefore, the petition for writ of mandamus is CONDITIONALLY GRANTED. TEX. R. APP. P. 52.8(c). The Honorable Jesus Garza is ORDERED to withdraw his March 25, 2011 order

granting in part Lydia's motion for new trial. If he does not do so within fourteen days of this order, we will issue the writ.

Sandee Bryan Marion, Justice