

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00114-CV

_____

IN RE: ARTHUR CHANDLER

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Arthur Chandler, Jr., filed a petition for a writ of mandamus arguing that the trial court acted without jurisdiction by entering an order which purported to grant a motion for new trial after the trial court's plenary power over the cause expired. In doing so, Chandler has requested that we direct the trial court to vacate its order purporting to grant a new trial. We, conditionally, grant the petition.

Mandamus is an extreme remedy, and to be entitled to mandamus relief, a petitioner must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458 (Tex. 2008) (orig. proceeding).

A child support review was instituted in the 102nd Judicial District Court of Bowie County, Texas, by the Office of the Attorney General of Texas (AG), representing Vanshell Bunn. As a result of a negotiating conference between Chandler and Bunn (the parent of Keilon Jekore Chandler), an agreed order was signed as approved by Chandler and Bunn, with the joinder of the AG. Because this was a Family Code Title IV-D matter, the approved child support review order was signed on November 9, 2011, by an associate judge. No party having requested a de novo hearing within seven days of the signing of the order by the associate judge, the order became a final and appealable order no later than November 16, 2011. TEX. FAM. CODE ANN. § 201.1042(b) (West 2008).

On December 9, 2011 (less than thirty days after the order was signed), Bunn filed a motion for new trial, alleging newly discovered evidence as grounds. No further action was

taken in regard to the matter until March 9, 2012, when the trial court entered an order which purported to grant Bunn's motion for a new trial.

Rule 329b(a) of the Texas Rules of Civil Procedure requires almost all motions for new trial (including matters such as the pertinent one here) to be filed within thirty days of the date that a judgment or other order is signed. TEX. R. CIV. P. 329b(a). In the event that there is no ruling on the motion for new trial entered within seventy-five days from the date the judgment or order was signed, it is overruled by operation of law. TEX. R. CIV. P. 329b(c). The timely filing of a motion for new trial extends the trial court's plenary power until thirty days after the motion for new trial is overruled, either by affirmative order or by operation of law, whichever occurs first. TEX. R. CIV. P. 329b(e). Under the circumstances of the instant case, the trial court did not lose plenary jurisdiction until after the expiration of 105 days from the date the order was signed.

Here, the trial court signed an order purporting to grant Bunn's motion for new trial some 113 days after the signing of the child support review order, this being done after the trial court's plenary power had expired. TEX. R. CIV. P. 329b(c), (e). Accordingly, the trial court's order purporting to grant the motion for new trial is void because the trial court had lost plenary power over the matter before entry of that order. When an order purporting to grant a new trial is void because it was granted after the trial court's plenary power expired, mandamus relief is available because there is no adequate remedy by appeal and the entry of a void order is an abuse of discretion. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam); *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding) (per curiam).

3

We, conditionally, grant the petition for writ of mandamus. The 102nd Judicial District Court of Bowie County, Texas, is ordered to withdraw or vacate its March 9, 2012, order granting the motion for new trial. The writ will issue if the trial court does not do so within twenty days of the date of this opinion.

Bailey C. Moseley
Justice

Date Submitted:     January 9, 2013
Date Decided:       January 10, 2013