

# Fourth Court of Appeals

## San Antonio, Texas

### DISSENTING OPINION

No. 04-14-00282-CV

**IN RE STATE OF TEXAS**

Original Mandamus Proceeding[1]

**DISSENTING OPINION
TO ORDER DENYING REQUEST TO DISMISS AS MOOT**

Dissenting Opinion by:  Rebeca C. Martinez, Justice

Sitting:       Karen Angelini, Justice
               Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  June 11, 2014

I disagree with the majority's order issued this date stating that it will issue the writ of mandamus if the trial court does not vacate its April 22, 2014 order within five days.  The State sought emergency relief, in part, because the trial court failed to comply with the notice requirements under Texas Government Code section 402.010.  TEX. GOV'T CODE ANN. § 402.010 (West Supp. 2013).  Mandamus conditionally issued on May 15, 2014, with the majority's Memorandum Opinion delivered May 28, 2014.  The majority conditionally granted mandamus relief, limiting its determination that the trial court abused its discretion to failure to provide the statutorily required notice to the Attorney General.  Relator, the State, now concedes that such notice is "unnecessary" and "no longer relevant" because it is a party.  Since mandamus was

---

[1] This proceeding arises out of Cause No. 2014-CI-02421, styled *A.L.F.L. v. K.L.L.*, pending in the 438th Judicial District Court, Bexar County, Texas, the Honorable Barbara Hanson Nellermoe presiding.

conditionally issued solely to enforce a procedural requirement to provide notice, relief for which Relator no longer complains, I would dismiss the Petition for Writ of Mandamus as moot.

As the majority's opinion states, mandamus is "appropriate to enforce a procedural requirement to provide notice." The majority held "the trial court clearly abused its discretion in entering the challenged order without providing prior notice to the State." The majority acknowledged the State's additional arguments "that the trial court's order is substantively erroneous" but, "[b]ecause we conclude the trial court clearly abused its discretion in entering the challenged order without providing prior notice to the State, we do not reach the remainder of the State's arguments regarding the substance of the trial court's ruling." The opinion's conclusion underscores its emphasis on the purpose of the statute, to provide the Attorney General with an opportunity to be heard, holding "the trial court abused its discretion *in failing to provide notice to the attorney general* of a constitutional challenge to Texas state laws raised by a party's pleadings in the underlying litigation." The majority declined to consider whether the order erroneously held Texas law invalid, or whether mandamus relief was appropriate because the trial court entered an order beyond its jurisdiction. In my opinion, the reasoning provided in the majority's present order necessarily takes into consideration the substance of the challenged order. With reference to a partial sentence contained in its opinion, the majority now construes "*the trial court's determination of the constitutional challenges pled by the parties* without prior notice" as the clear abuse of discretion that warranted mandamus relief, for the first time emphasizing substance and not procedure.[2] I respectfully decline to do so as a means to grant extraordinary relief against

---

[2] Complete reference to the majority's opinion demonstrates that only the failure to comply with a procedural notice requirement determined the need for extraordinary relief. "Although the statute provides that the failure to provide notice as required does not deprive the trial court of jurisdiction, we conclude that the trial court's determination of the constitutional challenges without prior notice to the attorney general deprives the State of an important right and constitutes an abuse of discretion for which mandamus relief is available." (citation omitted)

Judge Nellermoe who, at a minimum, was not previously apprised of conduct constituting a clear abuse of discretion beyond failure to provide the State notice and an "opportunity to be heard." The present order seeks enforcement of the majority's May 15, 2014 order that achieves compliance with neither a relevant statutory requirement nor rule of procedure, but instead reaches to the substantive determinations contained in the challenged order for which mandamus did not originally issue.

The majority opinion, as my dissent previously pointed out, neglected to address the issue of an adequate remedy by appeal. Doing so now, the majority considers the State's substantive jurisdictional complaint that the majority's order to vacate is not moot since "the improper invalidation of Texas law — the central point of the State's mandamus petition — remains in place." [3] Since the order denying the State's plea to the jurisdiction "does not contain any findings similar to those contained in the April 22 order," the majority reasons that dismissing the mandamus would deprive the State of an adequate remedy to challenge those findings and will consequently lift our temporary stay entered on April 24, 2014. First, the State has since taken the position that its pending interlocutory appeal[4] stays the proceedings in the trial court pending resolution of that appeal, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b) (West Supp. 2013). Relator expresses no continued concern regarding the effect of dismissing the mandamus and/or the current temporary stay as it pertains to the suspension of the proceedings currently in

---

[3] The majority's present order appears to construe the challenged April 22 order as "void," having been entered without the required notice, thereby requiring further enforcement to vacate the order. By implication, the majority essentially concludes that the trial court's act of "determining" constitutional challenges without prior notice to the Attorney General is done without jurisdiction to so decide and, thus, is a clear abuse of discretion. *See In re Dickason*, 987 S.W.2d 570, 571 (Tex.1998) (orig. proceeding) (order is void if entered without jurisdiction, thus a clear abuse of discretion providing mandamus relief). Failing to comply with the notice requirement does not deprive the trial court of jurisdiction. TEX. GOV'T CODE ANN. § 402.010(c) (West Supp. 2013).

[4] The pending appeal is accelerated under TEX. R. APP. P. 28.1.

the trial court. Second, the mandamus record includes the State's Plea to the Jurisdiction and Order on Intervenor's Plea to the Jurisdiction. The plea contests the trial court's jurisdiction over the parties in the underlying proceeding and its authority to declare a state law unconstitutional.[5] The plea disputes the trial court's authority to divorce a party to a same-sex marriage, citing our sister court's decision in *In re Marriage of J.B. & H.B.*, 326 S.W.3d 654, 670 (Tex. App.—Dallas 2010, pet. granted) (*on interlocutory appeal*, reversing denial of State's plea to the jurisdiction for lack of subject matter jurisdiction under section 6.204 of the Texas Family Code). The order denying the State's plea contains no findings of fact or conclusions of law. The question of whether we can imply from the trial court's denial of the State's plea that the trial court found it had subject matter jurisdiction over a party seeking a divorce from a same-sex marriage, thus necessarily invalidating Texas law, remains to be decided in the appeal. *Worford v. State*, 801 S.W.2d 108, 109 (Tex. 1990) (where no separate findings of fact or conclusions of law are filed, it is implied that trial court made all findings necessary to support its judgment.) In seeking mandamus, the State sought both compliance with the notice statute and additional substantive relief to vacate "the trial court's improper invalidation of Texas law." The State further acknowledged that it likewise "intervened in this case for the limited purpose of challenging the divorce petition, which is premised and dependent on the invalidity of Texas marriage law." By failing to dismiss the mandamus as moot, the majority clearly seeks to vacate the findings contained within the trial court's order as substantively erroneous. These substantive issues of jurisdiction and "*the trial court's determination of the constitutional challenges pled by the parties*" are appropriately decided by appeal.

---

[5] The State's plea challenges both A.L.F.L.'s pleadings on the basis of standing under Article I, section 32(a) of the Texas Constitution, and section 6.204(b) of the Texas Family Code, and the trial court's "attempt to confer the status of a marriage upon any relationship other than the union of one man and one woman."

The extraordinary relief of a mandamus writ was issued on narrowly specified grounds that are now moot. Because the majority's previous order and opinion properly declined to reach the State's substantive contests to the challenged April 22, 2014 order, mandamus relief issued specifically to enforce compliance with a statutory notice requirement, and Relator does not further seek and cannot show the necessity for continued enforcement of the procedural notice requirement, we must dismiss the mandamus proceedings as moot. Most importantly, this order to enforce the majority's May 15 order will unduly interfere with our court's jurisdiction to review the State's pending interlocutory appeal.

Rebeca C. Martinez, Justice