

# NUMBER 13-17-00602-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE JUSTIN SMITH

## On Petition for Writ of Mandamus

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Contreras and Hinojosa
### Memorandum Opinion by Chief Justice Valdez[1]

By petition for writ of mandamus, Justin Smith asserts that the trial court's September 28, 2017 order of attachment is void because it conflicts with the emergency orders issued by the Texas Supreme Court following Hurricane Harvey.[2] These emergency orders stated that "all courts in Texas should consider disaster-caused delays as good cause for modifying or suspending all deadlines and procedures—whether

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding joins related matters which are currently pending before the Court in cause numbers 13-16-00612-CV, 13-17-00122-CV, and 13-17-00589-CV.

prescribed by statute, rule, or order—in any case, civil or criminal." *See* Supreme Court of Texas, *Extension of Emergency Order Authorizing Modification and Suspension of Court Procedures in Proceedings Affected by Disaster*, Misc. Docket No. 17-9125 (Sept. 26, 2017) (Joint Order, Court of Criminal Appeals Misc. Docket No. 17-013); Supreme Court of Texas, *Emergency Order Authorizing Modification and Suspension of Court Procedures in Proceedings Affected by Disaster*, Misc. Docket No. 17–9091 (Aug. 28, 2017) (Joint Order, Court of Criminal Appeals Misc. Docket No. 17-010);; *see also* TEX. GOV'T CODE ANN. § 22.0035 (West, Westlaw through 2017 1st C.S.). This Court requested and received a response to the petition for writ of mandamus from the real party in interest, Arnold & Itkin, LLP.

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both of these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d at 302; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Mandamus relief is also available when an underlying order is void. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). In such circumstances, the relator need not show it lacks an adequate remedy by appeal. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, is of the opinion that the relator has not shown

himself entitled to the relief sought.  Accordingly, we LIFT the stay previously imposed in this cause and we DENY the petition for writ of mandamus.  *See* TEX. R. APP. P. 52.8(a).


**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
16th day of November, 2017.