**GRANT; and Opinion Filed January 17, 2019**



**In The**

## Court of Appeals

## Fifth District of Texas at Dallas

### No. 05-18-01499-CV

### HELADIA ORTEGA, Relator

**Original Proceeding from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-07718**

## MEMORANDUM OPINION

Before Justices Schenck, Partida-Kipness, and Reichek
Opinion by Justice Schenck

In this mandamus proceeding, relator Heladia Ortega seeks relief from the trial court's

November 25, 2018 Order Granting Intervenor's Motion for New Trial (the "Order"). After

reviewing Ortega's brief and the mandamus record, we conclude Ortega is entitled to relief from

the Order.[1]  We therefore grant this writ instanter.

### BACKGROUND

In the underlying proceeding, relator Heladia Ortega brought a garnishment action

against Wells Fargo Bank, N.A.  Ortega sought to garnish Maria L. Gomez's accounts at Wells

Fargo to satisfy, in whole or in part, a judgment that Ortega had earlier obtained against Gomez.

Ortega and Wells Fargo entered into an agreed final judgment ("Judgment"), which the trial

---

[1]We requested a response from Carranza, due December 21, 2018. He did not file one.

1

court signed on June 29, 2018. In the Judgment, Wells Fargo agreed to pay funds to Ortega from Gomez's accounts.

On July 26, 2018, non-party Ramses Carranza, who is Gomez's son, filed a motion to release funds, claiming Ortega's garnishment action improperly caused his bank account at Wells Fargo to be frozen. Wells Fargo had previously advised Carranza that he and Gomez were joint owners of the account, yet Carranza maintained the account was his alone and his wages had been deposited therein.

On August 10, 2018, Carranza filed a plea in intervention asserting he has a justiciable interest in the matter because part of the funds garnished are his wages, which do not belong to Gomez. Three days later, Carranza filed a motion to dissolve the writ of garnishment. He filed an amended motion to dissolve the writ on September 13. On September 17, Ortega filed a plea to the jurisdiction, response, and objections to Carranza's motion to dissolve.

On September 20, 2018, the trial court held heard Carranza's motion to dissolve. At the hearing, the trial court indicated it was going to treat Carranza's amended motion to dissolve as a request for a new trial, grant the motion, and dissolve the writ. On November 25, 2018, 149 days after the trial court signed the Judgment, the trial court signed the Order granting Carranza's amended motion to dissolve writ of garnishment, denying Ortega's plea to the jurisdiction, response, and objections, and ordering Wells Fargo to pay the garnished funds into the registry of the court fourteen days after the date of the Order.

Ortega now seeks relief from the Order, claiming it is void because the trial court signed the Order after the trial court's plenary period expired. Ortega seeks a writ of mandamus directing the trial court to vacate the Order and reinstate the Judgment. We requested a response, which Carranza did not file.

2

To obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that the relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Mandamus is an available remedy to set aside an order for a new trial that is granted after the trial court's plenary power expires. *See In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding). If the trial court had no power to grant the new trial, any subsequent retrial would be a nullity and, thus, the party seeking mandamus relief does not have an adequate remedy by appeal. *Id.*

**DISCUSSION**

A trial court generally retains jurisdiction over a case for a minimum of thirty days after entry of judgment. *See* TEX. R. CIV. P. 329b; *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000). Certain post-judgment motions, including a motion for a new trial, extend the trial court's plenary jurisdiction if they are filed within thirty days of the signing of judgment. TEX. R. CIV. P. 329b(e)(g).

A trial court has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed. *Pollard v. Pollard*, 316 S.W.3d 246, 251 (Tex. App.—Dallas 2010, no pet.) (citing TEX. R. CIV. P. 329b(d)). When a party timely files a plenary-power-extending motion, the trial court has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first. TEX. R. CIV. P. 329b(e)(g). If a plenary-power-extending motion is not determined by written order signed within 75 days after the judgment was signed, the motion is considered overruled by operation of law on expiration of the 75-day period. TEX. R. CIV. P.

3

329b(c). When the motion is overruled by operation of law, the trial court retains plenary power for an additional thirty days, i.e., until the expiration of 105 days after the judgment was signed. TEX. R. CIV. P. 329b(e)(g).

Filing a motion for new trial outside the court's plenary power, however, does not revive or extend the court's plenary power. *In Interest of B.E.T.*, No. 05-17-00400-CV, 2018 WL 1063716, at *2 (Tex. App.—Dallas Feb. 27, 2018, no pet.) (mem. op.). If no plenary-power-extending motion is timely filed and the thirty-day plenary period expires, the trial court has no authority to set aside its judgment except by bill of review for sufficient cause. TEX. R. CIV. P. 329b(f); *Pollard*, 316 S.W.3d at 251. Judicial action taken after the trial court's plenary power expires is a nullity and renders the action void. *Dickason*, 987 S.W.2d at 571; *In re Darling Homes*, No. 05-05-00497-CV, 2005 WL 1390378, at *2 (Tex. App.—Dallas June 14, 2005, orig. proceeding) (mem. op.).

Ortega argues the Order is void because (1) the trial court's plenary power expired before Carranza intervened and, therefore, the trial court lacked jurisdiction over Carranza; (2) Carranza's motions to dissolve the writ of garnishment were untimely; and (3) even assuming Carranza filed a timely intervention and timely moved for a new trial, the Order was signed more than 105 days from entry of the Judgment and is void. Since it implicates subject-matter jurisdiction, we first address Ortega's third argument.

The mandamus record reflects that the Order was signed on November 25, 2018, 149 days after the Judgment was signed on June 29, 2018. Carranza's July 26, 2018 motion to release funds was the only motion filed within the trial court's initial thirty-day plenary period. Assuming, without deciding, that Carranza's motion to release funds might properly be construed as a timely-filed motion for a new trial by a party, the motion was overruled by

4

operation of law on September 12, 2018, when the trial court had not yet signed a written order. The trial court then retained plenary power for an additional thirty days, with plenary power expiring on October 12, 2018, 105 days after the Judgment was signed. TEX. R. CIV. P. 329b(e). In any event, October 12, 2018 was the latest possible date the trial court could have retained plenary power over the June 29 Judgment. Therefore, the trial court lacked jurisdiction to vacate the Judgment on November 25 and the Order is void. *See* TEX. R. CIV. P. 329b(f); *Lane Bank Equip.*, 10 S.W.3d at 310; *Dickason*, 987 S.W.2d at 571.

## CONCLUSION

We conclude the trial court's Order is void because the court's plenary power expired prior to its execution. Accordingly, we grant relator's petition and order that a writ of mandamus issue instanter.[2] We vacate the trial court's November 25, 2018 Order. We lift the stay issued by this Court on December 14, 2018.

181499F.P05

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

---

[2] Normally, when the respondent trial judge resigns or leaves the bench during the pendency of a mandamus proceeding, as is the case here, we abate the mandamus proceeding to allow the successor judge to reconsider the ruling. TEX. R. APP. P. 7.2(B) ("If the case is an original proceeding under Rule 52, the court must abate the proceeding to allow the successor to reconsider the original party's decision."). Here, we conclude the trial court's Order granting a new trial is void because it was signed outside the plenary-power period. Therefore, there are no orders for the successor judge to reconsider. *See, e.g.*, *In re Bates*, 429 S.W.3d 47, 50–52 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding). As such, there is no basis to abate to allow the successor judge to reconsider the original rulings. *See id.*