ACCEPTED
15-25-00072-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
7/1/2025 1:42 PM
CHRISTOPHER A. PRINE
CLERK

**No. 15-25-00072-CV**
**No. 10-25-00194-CV**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
7/1/2025 1:42:07 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS FOR THE FIFTEENTH DISTRICT

IN THE COURT OF APPEALS FOR THE TENTH DISTRICT

---

FRANCES SPANOS SHELTON,

*Appellant*,

v.

VERNON LEUSCHNER, ROBERT LEE SPANOS, CHRISTOPHER BLAKE SPANOS, KATHRYN NICOLE LAWRIE, AND KATHERINE LEUSCHNER,

*Appellees.*

---

IN RE FRANCES SPANOS SHELTON,

*Relator.*

---

Interlocutory Appeal and Original Proceeding from the 414th District Court of McLennan County, Texas, Cause No. 2024-3035-5

---

**UNOPPOSED MOTION TO TRANSFER INTERLOCUTORY APPEAL FROM THE FIFTEENTH COURT OF APPEALS TO THE TENTH COURT OF APPEALS AND BRIEF IN SUPPORT**

---

**Kirk L. Pittard**
State Bar No. 24010313
kpittard@dpslawgroup.com
**Rick Thompson**
State Bar No. 00788537
rthompson@dpslawgroup.com
DURHAM, PITTARD & SPALDING, LLP
P.O. Box 224626
Dallas, Texas 75222
(214) 946-8000
(214) 946-8433 (fax)

**Craig D. Cherry**
State Bar No. 24012419
ccherry@cjsjlaw.com
**Ryan C. Johnson**
State Bar No. 24048574
rjohnson@cjsjlaw.com
**Scott H. James**
State Bar No. 24037848
sjames@cjsjlaw.com
**M. Katie Quillen**
State Bar No. 24133047
kquillen@cjsjlaw.com
CHERRY JOHNSON SIEGMUND JAMES, PLLC
7901 Fish Pond Road, 2nd Floor
Waco, Texas 76710

COUNSEL FOR APPELLANT/RELATOR

Appellant/Relator Frances Spanos Shelton ("Fran") files this motion to transfer the interlocutory appeal currently pending in the Fifteenth Court of Appeals back to the Tenth Court of Appeals for resolution alongside the related petition for writ of mandamus pending in the Tenth Court. In support, Fran would respectfully show the Court as follows:

## PROCEDURE FOR TRANSFERRING A CASE BACK TO A TRANSFEROR COURT

After a case has been transferred from one court of appeals to another for docket equalization, the proper procedure for requesting transfer of the case from the transferee court back to the transferor court has been set forth by the Texas Supreme Court:

> The party requesting a transfer should file a copy of the motion to transfer in each of the two courts of appeals, asking that, when the motion is forwarded to the Supreme Court, each court of appeals advise the Supreme Court in writing whether it has any objection to the proposed transfer. Any briefs in favor of the proposed transfer should also be filed in each court of appeals and forwarded with the transfer motion. [The Texas Supreme Court] will then have the motion, the briefs, and the comments of the two courts of appeals in determining whether to grant the motion to transfer.

*Miles v. Ford Motor Co.*, 914 S.W.2d 135, 137 n.2 (Tex. 1995).

## INTRODUCTION

This motion presents the Court with a unique situation resulting from the application of the statutes creating the Fifteenth Court of Appeals in a case transferred to that court for docket equalization purposes and an almost identical original proceeding pending in the transferor court. Both courts of appeals will be applying the precedent of the Tenth Court of Appeals to both matters. However, the Fifteenth Court of Appeals does not have jurisdiction to grant mandamus relief in a matter over which it does not have original appellate jurisdiction. Therefore, Fran, as Relator, filed her petition for writ of mandamus in the Tenth Court of Appeals. For the efficient resolution of both matters by a single court, for the convenience of the parties, and to further the interests of justice, Ms. Shelton respectfully seeks transfer of the interlocutory appeal pending in the Fifteenth Court of Appeals back to the Tenth Court of Appeals.

## BACKGROUND

This is a complicated family dispute regarding the appointment of a receiver for the Dorothy Spanos Living Trust ("Trust"). This case is further complicated by the fact that County Court at Law No. 1 of McLennan County issued numerous orders in an earlier proceeding that purport to govern the

current administration of the Trust—even though the county court never had subject matter jurisdiction over the Trust disputes. A court that issues orders without jurisdiction to do so abuses its discretion, and its orders are void. Thus, Fran has filed an interlocutory appeal and a petition for writ of mandamus. Both matters involve Fran's challenge to the district court's order appointing a receiver, which, in turn, adopts and enforces several aspects of the earlier void orders issued by the county court at law.

On December 19, 2007, Ms. Dorothy Spanos transferred much of her real and personal property into the Dorothy Spanos Living Trust. *See* CR 467, 551.[1] Ms. Spanos appointed herself trustee. *See* CR 466. She appointed Ms. Frances Spanos Shelton ("Fran"), her daughter, to serve as co-trustee. Ms. Spanos did not appoint her other daughter, Ms. Katherine Leuschner, as a trustee. Ms. Spanos also signed the First Amendment to the Trust. *See* CR 553-60. Upon Ms. Spanos's death, Fran became the sole trustee.

In March 2022, Ms. Leuschner filed an application in the County Court at Law No. 1 for the appointment of Retired Judge Robert Stem as the temporary administrator of Ms. Spanos's estate as well as the trust advisor

---

[1] All cites reference the interlocutory appeal record filed in the Fifteenth Court of Appeals.

for the Trust. *See* CR 801-02. Under the terms of the Trust, a trust advisor acts as a "super-trustee" with the power to, among other things, remove a trustee with or without cause, appoint a successor trustee, direct a trustee to execute any documents necessary to carry out his will, and, if any conflicts arise, overrule and trump the authority and actions of a trustee. *See* CR 476-78.

On March 8, 2022, the county court at law entered an order appointing Judge Stem as the temporary administrator of Ms. Spanos's estate and trust advisor of the Trust. *See* CR 817-19. His term as trustee was set to expire on September 5, 2022. *See* CR 817. On May 18, 2022, the county court at law discharged Judge Stem as the temporary administrator and ended the administration of the estate. *See* Tab 821-23. Judge Stem remained the purported trust advisor under the county court's earlier order.

On September 1, 2022, the county court signed an order extending the appointment of Judge Stem as trust advisor until he "either determines that there no longer exists a necessity for a Trust Advisor, by agreement of the Parties, or if the Court, in the best interest of the Trust, determines cause exists for the removal of the Trust Advisor." *See* CR 827-28. On May 3, 2023, Judge Stem removed Fran as Trustee of the Trust, skipped over Mr. Ricky

Shelton, who was named the successor trustee in the Trust provisions, and appointed his colleague Mr. John Malone, a Waco attorney, as Trustee. *See* CR 923.

On October 25, 2024, Fran filed this lawsuit against Mr. Malone for breach of his fiduciary duties in the district court. CR 9-19. On February 3, 2025, the Appellees filed a joint petition in intervention, seeking damages from Fran for alleged self-dealing and breaches of trust during her stint as trustee. *See* CR 385-569. On February 24, 2025, Mr. Malone resigned as trustee. *See* CR 990. Thus, the Trust is effectively without a trustee.

Fran filed a motion to re-affirm herself as Trustee or, in the alternative, to properly designate a trustee of the Trust. CR 787-928. On February 25, 2025, Appellees filed an application to appoint a receiver over all Trust property. CR 956-1019, 1061-65.

On March 31, 2025, following an evidentiary hearing on the parties' motions, the district court granted Appellees' motion for the appointment of a receiver, in part, and issued its Order Appointing Receiver. *See* CR 1291-99 (Tab A). The trial court made the following finding in support of its ruling:

> Due to the extraordinary controversy surrounding the sale of the Front 45 Acres, there is a material risk of harm, injury, damage and/or loss to the Property and/or Trust funds, as well as the various beneficiaries, if a Receiver is not appointed to carry out the terms of the Trust.

CR 1292. Although the Order Appointing Receiver is "supported" by 11 findings of fact and conclusions of law, the district court did not identify any material risk of harm, injury, damage, or loss to the property, trust funds, or the beneficiaries that would result from its failure to appoint a receiver.

The order directed the receiver to take possession of, and sell, the 45-acre tract of Trust property in Crawford, Texas. The order effectively denied Fran's motion to re-affirm or designate a trustee for the Trust. The district court appointed attorney Aubrey R. Williams to serve as the receiver. *See* CR 1293.

On April 3, 2025, Fran filed an interlocutory appeal in the Tenth Court of Appeals. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(1). She concurrently filed an emergency motion for temporary relief from the district court's order because the order required her to pay the bills of the Trust even though she is neither a trustee nor a signatory to the Trust's bank account. *See* TEX. R. APP. P. 28.1, 29.3. On April 9, 2025, the Tenth Court granted temporary

relief and stayed the order appointing the receiver pending resolution of the appeal or further order of that court.

On May 1, 2025, the Texas Supreme Court transferred the appeal from the Tenth Court to the Fifteenth Court for docket equalization. *See* TEX. GOV'T CODE § 73.001(a). On June 26, 2025, Fran filed her Appellant's Brief in the interlocutory appeal in the Fifteenth Court of Appeals and her Petition for Writ of Mandamus in the Tenth Court of Appeals.

**ARGUMENT AND AUTHORITIES**

The Texas Supreme Court transferred the interlocutory appeal from the Tenth Court to the Fifteenth Court. In the appeal, the Fifteenth Court of Appeals will resolve whether the district court abused its discretion by appointing the receiver. According to Fran, the district court abused its discretion because, among other reasons, its order adopted and enforced previous orders and rulings of the County Court at Law No. 1, which had no jurisdiction over the Trust matters in the earlier case. *See In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *In re Tex. Conference of Seventh-Day Adventists*, 652 S.W.3d 136, 142 (Tex. App.—Fort Worth 2022, orig. proceeding).

In the mandamus, the Tenth Court of Appeals will be required to determine whether the district court's order is void because the county court at law had no jurisdiction over the earlier trust matters. *See In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam); *In re Southwestern Bell Tel. Co.*, 35 S.W.3d at 605; *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding) (per curiam).

Typically, one court of appeals could resolve the interlocutory appeal and the related, overlapping mandamus proceeding. However, when the Legislature created the Fifteenth Court of Appeals, it vested the court with state-wide jurisdiction over civil matters but limited its ability to issue writs to cases over which the Fifteenth Court has exclusive appellate jurisdiction. *See* TEX. GOV'T CODE § 22.221(c-1) ("The original jurisdiction of the Court of Appeals for the Fifteenth Court of Appeals District to issue writs is limited to writs arising out of matters over which the court has exclusive intermediate appellate jurisdiction under Section 22.220(d)."); TEX. GOV'T CODE § 22.220(d); *see also Kelley v. Homminga*, 706 S.W.3d 829, 830 (Tex. 2025) ("We hold that the relevant statutes authorize the Fifteenth Court to hear (1) appeals and writs within the court's exclusive intermediate appellate

jurisdiction, and (2) appeals we transfer into the court to equalize the courts of appeals' dockets.").

Although the Fifteenth Court is required to apply Tenth Court precedent in the interlocutory appeal, *see* TEX. R. APP. P. 41.3; *see Brazos Elec. Power Coop., Inc. v. Tex. Comm'n on Envt'l Quality*, 576 S.W.3d 374, 383 n.6 (Tex. 2019), the Fifteenth Court does not have exclusive original jurisdiction over this case and, therefore, cannot grant mandamus relief. That is the reason Fran filed her petition for writ of mandamus in the Tenth Court.

Of course, this situation creates the potential for conflicting judicial decisions regarding the county court's jurisdiction in the same matter, the waste of judicial resources in having two courts of appeals resolve the same issues arising from one case, and the added expense and inconvenience to the parties by requiring separate proceedings and potential oral arguments in separate appellate courts. For these reasons, Fran respectfully seeks the transfer of the interlocutory appeal from the Fifteenth Court back to the Tenth Court so that the matters may be resolved by a single court of appeals, potentially in one consolidated case.

## CONCLUSION AND PRAYER

Fran respectfully asks both courts of appeals to forward this motion to the Texas Supreme Court along with its written advisory stating whether the court has any objection to the proposed transfer of the interlocutory appeal from the Fifteenth Court of Appeals at Austin to the Tenth Court of Appeals at Waco. Upon review of this motion and the advisories from the courts of appeals, Fran respectfully requests that the Texas Supreme Court transfer the interlocutory appeal to the Tenth Court of Appeals at Waco.

Respectfully submitted,

By: */s/ Rick Thompson*
Kirk L. Pittard
State Bar No. 24010313
Rick Thompson
State Bar No. 00788537
rthompson@dpslawgroup.com
DURHAM, PITTARD & SPALDING, LLP
P.O. Box 224626
Dallas, Texas 75222
(214) 946-8000

Craig D. Cherry
State Bar No. 24012419
ccherry@cjsjlaw.com
Ryan C. Johnson
State Bar No. 24048574
rjohnson@cjsjlaw.com
Scott H. James
State Bar No. 24037848
sjames@cjsjlaw.com
M. Katie Quillen
State Bar No. 24133047
kquillen@cjsjlaw.com
CHERRY JOHNSON SIEGMUND
JAMES, PLLC
7901 Fish Pond Road, 2nd Floor
Waco, Texas  76710
(254) 732-2242

**COUNSEL FOR APPELLANT/RELATOR**

## CERTIFICATE OF CONFERENCE

On July 1, 2025, I hereby certify that the undersigned counsel conferred with Mr. Angus McSwain and Mr. Jim Dunnam, counsel for Appellees/Real Parties in Interest, and both stated that they did not oppose the motion or the relief requested herein.

/s/ Rick Thompson
**Rick Thompson**


## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2025, a true and correct copy of the foregoing motion was served on the following counsel of record via electronic service, pursuant to the Texas Rules of Appellate Procedure.

Jim Dunnam
jimdunnam@dunnamlaw.com
Andrea Mehta
andreamehta@dunnamlaw.com
Mason Vance Dunnam
masondunnam@dunnamlaw.com
DUNNAM & DUNNAM LLP
4125 West Waco Drive
Waco, Texas 76710
*Attorneys for Intervenors/Appellees*
*Robert Spanos, Chrisopher Spanos,*
*and Nicole Spanos*

Andy McSwain
mcswain@thetexasfirm.com
Mark E. Firmin
mfirmin@thetexasfirm.com
BEARD KULTGEN BROPHY BOSTWICK
& DICKSON PLLC
220 South 4th Street
Waco, Texas 76701
*Attorneys for Intervenor/Appellee*
*Vernon Leuschner*

/s/ Rick Thompson
**Rick Thompson**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kelly Blackburn on behalf of William Richard Thompson
Bar No. 788537
efile@dpslawgroup.com
Envelope ID: 102646149
Filing Code Description: Motion
Filing Description: Motion to Transfer Pending Interlocutory Appeal from 15th COA to 10th COA
Status as of 7/1/2025 1:51 PM CST

Associated Case Party: FrancesSpanosShelton

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kirk Pittard | | kpittard@dpslawgroup.com | 7/1/2025 1:42:07 PM | SENT |
| Craig Cherry | 24012419 | ccherry@cjsjlaw.com | 7/1/2025 1:42:07 PM | SENT |
| Rick Thompson | | rthompson@dpslawgroup.com | 7/1/2025 1:42:07 PM | SENT |
| Scott James | | sjames@cjsjlaw.com | 7/1/2025 1:42:07 PM | SENT |
| Michala Quillen | | kquillen@cjsjlaw.com | 7/1/2025 1:42:07 PM | SENT |
| Ryan Johnson | | rjohnson@cjsjlaw.com | 7/1/2025 1:42:07 PM | SENT |

Associated Case Party: Vernon Leuschner

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Angus McSwain | 13861100 | mcswain@thetexasfirm.com | 7/1/2025 1:42:07 PM | SENT |
| Mark Firmin | 24099614 | firmin@thetexasfirm.com | 7/1/2025 1:42:07 PM | SENT |

Associated Case Party: RobertLeeSpanos

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| James Dunnam | 6258010 | jimdunnam@dunnamlaw.com | 7/1/2025 1:42:07 PM | SENT |
| Mason Dunnam | | masondunnam@dunnamlaw.com | 7/1/2025 1:42:07 PM | SENT |
| Andrea Mehta | | andreamehta@dunnamlaw.com | 7/1/2025 1:42:07 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kelly Blackburn on behalf of William Richard Thompson
Bar No. 788537
efile@dpslawgroup.com
Envelope ID: 102646149
Filing Code Description: Motion
Filing Description: Motion to Transfer Pending Interlocutory Appeal from 15th COA to 10th COA
Status as of 7/1/2025 1:51 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jenn Haring | | jharing@cjsjlaw.com | 7/1/2025 1:42:07 PM | SENT |
| Sarah Rowell | | rowell@thetexasfirm.com | 7/1/2025 1:42:07 PM | SENT |
| Ashley Snyder | | snyder@thetexasfirm.com | 7/1/2025 1:42:07 PM | SENT |
| Kelly Blackburn | | efile@dpslawgroup.com | 7/1/2025 1:42:07 PM | SENT |