

# NUMBER 13-18-00016-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE ROSE CRAGO AND JOHN CRAGO, INDEPENDENT EXECUTOR OF THE ESTATE OF DAVID CRAGO

### On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Longoria, and Hinojosa
### Memorandum Opinion Per Curiam[1]

Relators Rose Crago and John Crago, independent executor of the estate of David Crago, filed a petition for writ of mandamus in the above cause on January 8, 2018. Through this original proceeding, relators seek a writ of mandamus compelling the respondent to withdraw a temporary injunction granted on September 22, 2017, or alternatively, to order the respondent to modify the injunction "to only prohibit the payment

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

of Class 8 claims". *See* TEX. ESTATES CODE ANN. § 355.102 (West, Westlaw through 2017 1st C.S.) (classifying and providing priority of payment for claims against an estate). Relators previously filed a similar petition for writ of mandamus regarding the September 22, 2017 temporary injunction; however, this Court denied relief. *See In re Crago*, No. 13-17-00586-CV, 2017 WL 5505544, at *1 (Tex. App.—Corpus Christi Nov. 16, 2017, orig. proceeding) (mem. op. per curiam). In the trial court, relators subsequently filed a motion to withdraw and modify the injunction and two supplements to their motion to withdraw and modify. After a hearing, the trial court denied relators' motion to withdraw and modify, and this original proceeding ensued.

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). To obtain mandamus relief, a relator must show that the underlying order is void or that the order represents a clear abuse of discretion and that no adequate appellate remedy exists. *See In re Nationwide Ins. Co.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). However, when an order is void, "the relator need not show it did not have an adequate appellate remedy, and mandamus relief is appropriate." *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.

2000) (orig. proceeding); *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relators have not shown themselves entitled to the relief sought. Accordingly, we DENY the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
10th day of January, 2018.